## I. R. WHITE v. THE STATE.

No. 19728.   Delivered June 15, 1938.
Rehearing denied October 19, 1938.
Second motion for rehearing denied November 9, 1938.

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

· *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for rape; the punishment, confinement in the State Penitentiary for a term of thirty-five years. :

The record is before us without a statement of facts. The indictment is sufficient to charge the offense. Appellant's bills of exceptions, objections to the court's charge and specially requested charges can not be appraised in the absence of a statement of facts.

All other matters appearing regular, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—On original submission of this cause, we declined to consider appellant's bills of exceptions and affirmed the judgment because there was no statement of facts in the record. Hence, we could not, at that time, properly appraise the bills and the objections to the court's charge. Since then, he has caused a statement of facts to be filed, supported by an affidavit of the clerk of the trial court that he, the clerk, inadvertently omitted to send said statement with the transcript. We may now proceed to dispose of the cause on its merits.

Appellant's first contention is that the court erred in overruling his motion to quash the indictment on the ground that it failed to allege and charge an offense. We have examined it with much care and deem it sufficient to charge the offense of rape.

His next contention is that the court erred in overruling his application for a continuance, which he based on the absence of the witness, Valdez, and the want of the depositions of Hensley and Mrs. Williams.

The record shows that appellant was indicted on October 6 and immediately employed counsel. The case was set for trial October 11, but a postponement was granted until October 13 to allow further time to secure the attendance of Valdez and get the depositions of the witnesses Hensley and Williams. On

October 13 a postponement was again granted until November 18 on the same grounds. On October 28, appellant applied for a second subpoena for Valdez, who was a resident of New Mexico, but which was served on him in Dallam County while on a business trip to Dalhart, Texas. No reason was assigned why an effort was not made to have his deposition taken in the State of New Mexico. It seems from the record that Hensley and appellant worked for the same company, although at a different point, and had known each other for quite a while. Had he inquired from the company as to the whereabouts of Hensley, no doubt he could have obtained the necessary information. No showing is made as to why the deposition of Mrs. Williams, whose residence was known, was not taken. Had the depositions been forwarded to a proper officer who had authority to take acknowledgments, they could have been returned long before the date of the trial. It occurs to us that appellant failed to use that degree of diligence required by law. It can not be said that a defendant exercised due diligence to locate the witness when he fails to make inquiry at a logical and proper source. See Giles v. State, 66 Texas Crim. Rep. 638, and authorities there cited. The court, in his qualification to said bill, states his finding to the effect that appellant failed to use the proper diligence in his effort to secure the testimony of said witnesses.

Appellant's third contention is that the court erred in sustaining the State's challenge for cause to certain prospective jurors shown not to be qualified voters. In his qualification to the bill the court states that no objection was made thereto by the appellant at the time. As thus qualified, no error is revealed.

Appellant also contends that the court erred in overruling his motion for a new trial based on newly discovered evidence. The alleged newly discovered evidence as set out in the record does not appear to be material, nor does it appear that it would likely produce a different result upon another trial. Consequently no reversible error is shown. See Branch's Annotated Penal Code, Section 192 et seq., p. 124, and the many authorities there cited.

His next contention is that the court erred in declining to grant him a new trial based on the ground that the juror Wallace, who was a member of the jury before whom appellant was tried, was disqualified since he had been theretofore convicted of theft. Evidence offered in support of his contention showed that the juror was charged and convicted of tampering

with a water meter and not for theft. He could have been convicted of tampering with a water meter and still not have been guilty of theft. Hence the juror was not disqualified under the statute.

Bill of exception number eleven complains of the testimony given by the father of the injured female to the effect that she was under the age of 18 and was born on May 22, 1920. This testimony was pertinent and admissible. The record from the Bible showing her name and date of birth was clearly admissible even though there appeared to be some erasures thereon. The erasures would not make the record inadmissible if the information therein contained was shown to be correct. The objection of appellant thereto would go more to the weight of the evidence than to its admissibility.

Appellant has addressed a number of objections to the court's charge and requested three special charges which the court declined to give. We have examined the court's charge in the light of the objections addressed thereto and the special requested charges, and reached the conclusion that none of the criticisms contain any merit. The charge seems to be a fair and adequate instruction of the law applicable to the facts of the case.

The evidence is amply sufficient to support the conviction.

All other matters complained of have been considered by us and will be overruled without discussion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant requests leave to file second motion for rehearing. The case was disposed of originally without discussion of his bills of exception because they could not be appraised in the absence of a statement of facts. It appeared on original motion for rehearing that the statement of facts was then before the Court and that its absence originally was no fault of appellant. We then on motion for rehearing for the first time discussed the bills of exception and disposed of the case on its merits. The present motion is really the first motion on the merits, hence we permit same to be filed.

The present motion challenges our disposition of appellant's complaint based on a denial of a continuance. We have carefully re-examined bill of exception number one which brings forward the complaint mentioned and are confirmed in the view expressed originally that the court committed no error in refusing the continuance. The learned trial judge approved the bill with the following qualification: " * * * this was defendant's second motion for continuance; it had been postponed twice at the request of the defendant to procure testimony of these same witnesses besides their two motions for a continuance." This qualification having been accepted without objection from appellant would warrant this Court in overruling appellant's complaint without further observation. However, we note that as to the witness Valdez, he was known to be a resident of New Mexico. No effort was made to secure his evidence by deposition, but process was served on him on some occasion when he was in Texas. The trial court was in no position to enforce obedience to said process, the witness being a nonresident. See 9 Tex. Jur., Section 105, p. 795, and cases there cited.

It is apparent that the diligence sworn to by appellant in his application for continuance as to efforts to take depositions of the other witnesses is based largely on hearsay, appellant having been in jail and necessarily having no personal knowledge of the matters averred. There is no affidavit from appellant's attorney or other parties who might know the facts. We fail to perceive any substantial reason why the depositions of these witnesses could not have been secured by proper diligence.

Appellant's second motion for rehearing is denied.