Jessie GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–064–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 21, 1982.

Fred Galindo, Brownsville, for appellant.

Reynaldo Cantu, Jr., Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C. J. and UTTER and KENNEDY, JJ.

### OPINION

UTTER, Justice.

This appeal is taken from a conviction for rape. Appellant was tried before a jury and upon a finding of guilty the court then assessed punishment at nine years in the Texas Department of Corrections.

The appellant does not contend that the evidence is insufficient to sustain the conviction, therefore no recitation of the facts is necessary.

 Appellant's first ground of error concerns alleged error by the trial court in not granting appellant's motion in limine. The appellant's motion requested a hearing outside the presence and hearing of the jury before any in-court identification of appellant by the complaining witness.

The brief is deficient in that it does not point out where in the record factual support of these contentions may be found. Tex.Code Crim.Pro.Ann. art. 40.09(9) (Vernon Supp.1982); *Jackson v. State*, 486 S.W.2d 764 (Tex.Cr.App.1972); *Carr v. State*, 475 S.W.2d 755 (Tex.Cr.App.1972). After a careful search of the record, we find the reason for such omission. The appellant filed a motion in limine but the record is absolutely devoid of any action taken by the trial court in response to such motion, therefore, nothing is presented for review. *Dunavin v. State*, 611 S.W.2d 91 (Tex.Cr.App.1981); *Van Sickle v. State*, 604 S.W.2d 93 (Tex.Cr.App.1979); *Martinez v. State*, 565 S.W.2d 70 (Tex.Cr.App.1978).

██ In his second ground of error appellant asserts that the trial court erred in not holding a hearing outside the presence of the jury to determine whether or not a prior pretrial identification of appellant by the complaining witness was tainted. The record reflects the first time the complaining witness was asked about her identification of appellant she testified as follows:

"Q: Now, this person that raped you on April 22, 1979, is he in the courtroom today?

A: Yes, he is.

Q: Would you point to him and describe what he is wearing?

A: That's him. He's wearing a white blouse with blue with brown designs.

MR. FRIEBELE: May the record reflect—

THE COURT: The record may reflect she had identified the Defendant."

No objection was raised by the appellant to the in-court identification. The Court of Criminal Appeals has previously stated in *Phillips v. State*, 488 S.W.2d 97 (Tex.Cr.App.1972) as follows:

"There was no objection to any of this testimony and no reason shown for not making a timely objection. There was no request for a hearing to determine if the identification was tainted. Under such record nothing is presented for review. *Montoya v. State*, Tex.Cr.App., 464 S.W.2d 853. Timely objections to identification should be made at the first opportunity. *Taylor v. State*, Tex.Cr.App., 474 S.W.2d 207, and cases therein cited. See also *Garcia v. State*, Tex.Cr.App., 472 S.W.2d 784, and *Jones v. State*, Tex.Cr. App., 471 S.W.2d 413."

If appellant had thought that the trial court had denied his motion in limine, then he still had the duty to object when the in-court identification was made for the first time. *Norman v. State*, 523 S.W.2d 669 (Tex.Cr.App.1975) and *Brazzell v. State*, 481 S.W.2d 130 (Tex.Cr.App.1972). Appellant's first two grounds of error are overruled.

■ Appellant's third ground of error is not briefed and does not comply with art. 40.09(9) Tex.Code Crim.Pro. (Vernon Supp. 1982), therefore, nothing is present for review. *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974), *Casey v. State*, 475 S.W.2d 920 (Tex.Cr.App.1972), *Love v. State*, 533 S.W.2d 6 (Tex.Cr.App.1976).

■ Appellant's grounds of error number four and five allege that the trial court committed error in overruling appellant's motion for new trial based upon newly discovered evidence.

A motion for new trial based upon newly discovered evidence is addressed to the sound discretion of the trial judge and his ruling thereon should not be disturbed in absence of a showing of a clear abuse of discretion. *Williams v. State, supra, Hill v. State*, 480 S.W.2d 670 (Tex.Cr.App.1972).

The grounds for granting a new trial based on newly discovered evidence are clearly set forth in *Collins v. State*, 548 S.W.2d 368 (Tex.1976):

"Appellant must show that the evidence was in fact newly discovered, that it was material, that the failure to discover it sooner or locate the witness was not due to a lack of diligence, that the new evidence is probably true, and a different result would probably be reached if the new evidence is introduced at a second trial. *Williams v. State*, supra; *Peak v. State*, Tex.Cr.App., 522 S.W.2d 907. A failure by appellant to establish any of the essential requirements would warrant the trial court in refusing to grant a new trial. See *Myers v. State*, Tex.Cr.App., 527 S.W.2d 307; *Ayala v. State*, Tex.Cr. App., 511 S.W.2d 284."

In support of his motion for new trial appellant relies upon a laboratory report of the complaining witness which was obtained on April 28, 1979, the night of the rape. Appellant contends that such report shows that the complaining witness had a venereal disease at the time of the rape. The appellant denied that he had ever had a venereal disease and therefore he could not have been the person who raped the complaining witness. The complaining witness denied any knowledge of any venereal disease. The testimony of the doctor who examined the complaining witness on the night of the rape was as follows:

"Q: You are saying that the patient had a high probability of venereal disease?

A: Yes.

Q: You are not saying that she had venereal disease?

A: No."

In response to questions by the court the doctor stated:

"THE COURT: But you are telling me that there is no way to tell whether she had it before—assuming that this test was correct, there is no way to tell whether she had it before or whether she got it from the man who raped her.

THE WITNESS: That's right, there is no way."

Appellant failed to show that it was probably true that the complaining witness had a venereal disease prior to the rape. Further, the laboratory report was made on April 28, 1979. Trial of this case began on July 21, 1979. Appellant does not state why such laboratory report was not obtained by him prior to trial of this cause. No testimony in the record supports appellant's claim that appellant used due diligence to discover such information. The record does not reflect that the trial court abused its discretion. *Collins v. State, supra.*

Appellant's grounds of error are all overruled. The judgment of the trial court is affirmed.