Ricardo V. GONZALEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–035–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 6, 1983.

Hector R. Garcia, Irma Rangel, Garcia & Rangel, Kingsville, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted of the offense of rape of a child by a jury which assessed punishment at five years imprisonment. We affirm.

On June 9, 1978, the 15-year-old prosecutrix and her 17-year-old male companion were parked at a local "lover's lane" in the latter's automobile. The pair admitted that they had removed their clothing but stated that they did not engage in sexual intercourse. A Kleberg County patrol car drove up facing the parked vehicle and two uniformed peace officers, one of whom was appellant, emerged and ordered the teenagers out of their car. The prosecutrix testified that appellant then took away her clothes, which she was holding in front of her; that appellant's partner, Officer Mendoza, took the young man over to the patrol car while appellant took the prosecutrix near the back of the other car; that appellant unzipped his pants, rubbed his penis on her vagina, and then put his penis into her vagina; and that he then told her not to say anything, as they could "get" her boyfriend for rape.

We shall first consider appellant's contention that the evidence is insufficient to support his conviction.

■ When the sufficiency of the evidence is challenged in a criminal case, the appellate court must view the evidence in the light most favorable to the verdict. *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App. 1976); *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974). Grounds of error that challenge the sufficiency of the evidence by arguing nothing more than that the jury should have had a reasonable doubt of the appellant's guilt have no merit when, as here, the evidence is conflicting and the State's case was sufficient if the appellant's evidence was disbelieved. *Brown v. State,* 605 S.W.2d 572 (Tex.Cr.App.1980). However, since appellant contends that the state did not prove each element of its case beyond a reasonable doubt, we must consider whether there was sufficient evidence to justify a rational trier of fact in finding that the appellant was guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982).

■ For evidence to constitute proof beyond a reasonable doubt, (1) the State must show that the offense was actually committed and (2) the proof must amount to a degree of certainty greater than a mere possibility or a strong suspicion that the defendant committed the offense. *O'Mary v. State,* 139 Tex.Cr.R. 294, 139 S.W.2d 800 (Tex.Cr.App.1940); *Hughes v. State,* 625 S.W.2d 827 (Tex.App.—Houston [14th Dist.] 1981, no pet.).

Appellant contends that there is insufficient proof to show that the offense of rape of a child was actually committed. Specifically, he claims that the State did not prove (1) that the victim was penetrated by appellant's penis and (2) that the victim was less than 17 years of age.

■ A rape conviction must be reversed if penetration is not proved beyond a reasonable doubt. However, proof of the slightest penetration is sufficient to establish rape, even if the vagina was not entered or the act of intercourse was never completed. And the testimony of a prosecutrix in a rape case need not be corroborated to sustain a conviction, for her credibility is a question to be considered by the jury. *Johnson v. State,* 449 S.W.2d 65 (Tex. Cr.App.1970).

■ The prosecutrix testified repeatedly that appellant's penis had entered her vagina. However, on cross-examination she testified that she was leaning against the automobile, that appellant was facing her

with his hands on the automobile, and that she could feel his penis touching her. The following dialogue ensued:

Q. But you did say that you think one of them had a stick of some kind?

A. Yes.

Q. Did you look down to see when you say that he was having intercourse with you? Did you look down to see that it was his penis?

A. I know it was at that time both of his hands were on the trunk of the car.

Q. Where was the big stick?

A. I don't know if he even had it with him at that time.

Q. Well, I mean you did tell the District Attorney he had a stick of some kind?

A. Yes, I did.

Q. Could it have been the stick?

A. No.

Q. You looked down?

A. I'm not—It could have been, but I doubt it.

\* \* \* \* \* \*

A. I mean I don't know. No, I don't think it was the stick. How would the stick, if his hands were up here how was the stick—

Q. I'm asking the questions, please.

A. I don't know.

Appellant argues that the above testimony shows that the victim did not know whether appellant's penis penetrated her, and cites *Blair v. State,* 56 S.W. 622 (Tex. Cr.App.1900) and *Wair v. State,* 133 Tex. Cr.R. 26, 106 S.W.2d 704 (Tex.Cr.App.1937) for the proposition that if a prosecutrix in a rape case is uncertain of what penetrated her, a conviction will be reversed. However, in the case before us, the prosecutrix repeatedly and unequivocally testified on other occasions that appellant's penis *had* penetrated her. The uncertainty elicited by the lengthy cross-examination several months after the traumatic incident occurred affected only the credibility of the witness, and was properly considered by the jury when it found appellant guilty.

Appellant's authority is easily distinguishable from the present action. In *Blair,* the prosecutrix was more than uncertain about penetration; in fact, she completely retracted her testimony accusing the defendant of rape by stating that the defendant did not have sex with her and by denying in toto the truthfulness of her original statement. The court therefore refused to let the verdict of guilty "stand without other proof on the question of penetration." In *Wair,* the defendant testified that he penetrated the prosecutrix only with his fingers, and she testified that she could not tell what penetrated her; the court held that this evidence did not justify a finding that the vagina of the victim had been penetrated by the penis of the defendant.

Appellant also cites *Dodson v. State,* 129 Tex.Cr.R. 151, 83 S.W.2d 992 (Tex.Cr.App. 1935) to support his argument that penetration was impossible because the prosecutrix testified that she was in a sitting position at the time the penetration allegedly occurred. The following dialogue suggested the contention:

Q. All right. And after you told him no, you testified that he pushed you back, now, what happened after he was rubbing his penis on your vagina?

A. He took it, and he protruded, you know, put it in my vagina. I told him to stop, he didn't, you know, I told him, "Please, stop." *I was sitting there* telling him to stop, and finally I pushed him away. [emphasis added]

Appellant did not question the prosecutrix further about her "sitting" position. She testified on other occasions that she was standing; that appellant "leaned" her against the car; and that she never got "up on top of the trunk of the car." Appellant himself testified that both he and the prosecutrix were standing. It is apparent from appellant's failure to pursue the subject that he also considered the words "sitting there" to be no more than a slang phrase or idiomatic expression without relation to the actual posture of the prosecutrix. We therefore hold that there is sufficient evidence to support a finding that the prosecutrix was penetrated by appellant's penis.

Appellant also argues that the State failed to establish that the victim was under seventeen years of age, a fact which must be proved as an element of the offense of Rape of a Child under Article 21.09 of the Texas Penal Code. Appellant contends that the only evidence presented to prove the age of the victim was hearsay testimony without probative value.

Both the prosecutrix and her mother testified that the prosecutrix was born on November 9, 1962. In the case of *Jason v. State,* 589 S.W.2d 447 (Tex.Cr.App.1979), which was also an appeal from a conviction for aggravated rape of a child, the complainant stated her age and birth date. The Court of Criminal Appeals held that this testimony was sufficient to prove that she was under the age of seventeen on the date of the offense. In *White v. State,* 135 Tex.Cr.R. 448, 120 S.W.2d 452 (Tex.Cr.App. 1938), the court held that testimony by the father of the victim that she was under the age of eighteen and was born on a certain day was both pertinent and admissible. Appellant's argument that the child's age was not effectively proved is overruled.

After a careful review of the entire record, we hold that sufficient evidence was presented to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of raping a child. We therefore overrule appellant's grounds of error that challenge the sufficiency of the evidence to support his conviction.

In a further ground of error, appellant contends that he was unable to properly prepare and defend this action because the trial court denied his Motion for Deposition of the prosecutrix. It is settled, however, that "[t]he trial court has wide discretion in either granting or denying a motion for taking a deposition." *McKinney v. State,* 505 S.W.2d 536 (Tex.Cr.App.1974). Therefore, to show that the trial court abused its discretion in refusing to permit a deposition to be taken, the defendant must demonstrate that he was injured. *McKinney v. State,* supra; *Williams v. State,* 629 S.W.2d 791 (Tex.App.—Dallas 1982, pet. ref'd).

Moreover, to preserve error on review, appellant must obtain an adverse ruling on his motion. Where, as here, the record fails to reflect that the motion was ever brought to the court's attention, no ruling was ever obtained on it, and no objection was made to the court's failure to consider it, there will be nothing present for review. *Johnson v. State,* 504 S.W.2d 493 (Tex.Cr.App.1974); *Garza v. State,* 627 S.W.2d 520 (Tex.App.—Corpus Christi 1982, no pet.).

Appellant made no attempt to postpone the trial until a deposition of the prosecutrix could be obtained. Similarly, he brought no showing of surprise or prejudice arising from the testimony of the prosecutrix to the attention of the court during the trial itself. Accordingly, appellant's ground of error is without merit and is overruled.

Finally, appellant contends that the trial court erred by denying his motion for mistrial, which followed testimony from the mother of the prosecutrix that she asked her daughter why she had not mentioned that she was raped until about two and a half or three weeks after the incident. The mother stated:

> I asked her why, and she said that she was scared, that she had been threatened not to say anything to anything [sic] to anybody or anyone.

Appellant's counsel objected as follows:

> Your Honor, we'll object again to the hearsay testimony from this witness as to anything that has been said out of the presence of the Defendant.

The trial court sustained the objection and instructed the jury to disregard, but denied the motion for mistrial.

The admission of improper testimony in a criminal proceeding may generally be cured or rendered harmless by an instruction to disregard, except in extreme situations where it appears that the evidence is clearly calculated to prejudice the jury to the point where it might not be possible to withdraw the impression from their minds. *Carter v. State,* 614 S.W.2d 821 (Tex.Cr.App.1981);

*Mays v. State,* 434 S.W.2d 140 (Tex.Cr.App. 1968).

 In the case before us, however, in complying with appellant's request to instruct the jury to disregard the alleged hearsay testimony, the court used the words, "The jury is so instructed." For the first time on appeal, appellant argues that such language, being imprecise, was insufficient to properly instruct the jury on what it was to disregard, and that the harm resulting from the inadmissible testimony was therefore not cured. This contention is not properly before us, for there was no trial objection to the imprecise nature of the instruction; rather, the objection was directed against the hearsay testimony adduced by the mother of the prosecutrix. A specific objection raised on appeal will not be considered if it varies from the specific objection made at trial. *Carillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979).

 In addition, appellant presents no evidence showing that the jury was unable to understand the court's instruction. Appellant could have requested a more specific instruction at trial, thereby bringing his complaint to the attention of the trial court; by failing to do so, he has waived his right to assert error.

In any event, the Court's instruction to disregard was sufficient to negate the harmful effect of any improperly admitted evidence, and the testimony itself was not so inherently prejudicial that it suggested the impossibility of withdrawing the impression created in the jurors' minds. *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App. 1980); *Maddox v. State,* 591 S.W.2d 898 (Tex.Cr.App.1979). Error, if any, was harmless, for the prosecutrix herself testified that she was scared and had been threatened—exactly the matters appellant sought to exclude as hearsay when adduced by the mother.

All of appellant's grounds of error are overruled and the judgment of the trial court is AFFIRMED.