**Ricardo V. GONZALEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–035–CR.**

Court of Appeals of Texas, Corpus Christi.

April 14, 1983.

Discretionary Review Refused Sept. 21, 1983.

Michael James Krueger, Kingsville, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

OPINION

PER CURIAM.

Appellant moves that this Court withdraw its mandate and grant his motion for leave to file a motion for rehearing. Appellant's conviction was affirmed by this Court on January 6, 1983. 647 S.W.2d 369. Appellant failed to file either a motion for rehearing or petition for discretionary review within the time periods required by Tex.Crim.App.R. 208 and 304. Pursuant to Tex.Crim.App.R. 209, this Court issued its mandate on March 21, 1983.

Appellant alleges that he first learned of this Court's affirmance on March 25, 1983 when the Kleberg County Sheriff's Department informed him that they had a warrant for his arrest. Appellant explains that Hector R. Garcia, appellant's attorney, was hospitalized for a stroke on January 7, 1983, the day after this Court affirmed the conviction. Under doctor's orders, Garcia stayed away from his office following his release from the hospital on January 12, 1983. Garcia died on February 13, 1983.

Tex.Crim.App.R. 4 provides that a court of appeals may suspend the requirements or provisions of the Rules of Post Trial and Appellate Procedure for good cause, and we suspend the provisions of Rules 208 and 209. In *Gainer v. State,* 630 S.W.2d 277 (Tex.Cr. App.1982) the Court of Criminal Appeals states:

"Since the court of appeals has issued its mandate, we think that the appellant's remedy must lie with that court. (For example, the appellant could move that

the court of appeals withdraw its mandate and extend the time to file a motion for rehearing.)"

Under this authority, we withdraw our mandate and grant the appellant's motion for leave to file a motion for rehearing.