Jimmy G. **VILLANUEVA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–84–442–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 27, 1985.

Steve Cihal, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of aggravated sexual assault and received a twenty year prison sentence. He challenges the sufficiency of the evidence which was used to convict him and the trial court's refusal to charge the jury with his requested conditions for probation. We reject his arguments and affirm the judgment of the trial court.

Sometime between December, 1983 and April, 1984, J.G., nine years old, was sleeping overnight at her grandparents' home. Appellant, her step-grandfather, fondled her that night, then awakened her early the next morning and took her to a vacant house near where he worked. Once inside, appellant told J.G. to remove her clothes and lie face-down on the couch. According to J.G., appellant then placed his "wee-wee" inside her "butt." Her mother testified that J.G. referred to a penis as a "wee-wee" and to her anus as "my butt."

J.G. testified that she told her school teacher what had happened a few days after the incident. Her mother was then informed, and J.G. was taken to a doctor for an examination. The doctor found damage to J.G.'s hymen but no evidence of injury to her anus.

The indictment charged that appellant used his penis to penetrate a child's anus. We note that the indictment would have sufficiently charged an offense by simply alleging penetration, by *any* means, of the

anus *or* vagina; *see* TEX.PENAL CODE ANN. 22.011, 22.021 (Vernon Supp.1985). However, the State chose to specifically allege that appellant accomplished penetration with his penis, and the trial court correctly charged the jury in conformity with the indictment.

■ The State was required to prove beyond a reasonable doubt that appellant's penis penetrated J.G.'s anus. *See Sherbert v. State*, 531 S.W.2d 636, 637 (Tex.Crim. App.1976); *Gonzalez v. State*, 647 S.W.2d 369, 371 (Tex.App.—Corpus Christi 1983, pet. ref'd). We find that J.G.'s unsophisticated language sufficiently described penetration. *See Martinez v. State*, 662 S.W.2d 393, 395 (Tex.App.—Corpus Christi 1983, pet. ref'd). The testimony of a sexual assault victim alone is sufficient evidence of penetration to support a conviction. This is true even where the victim is a child. *Gonzalez v. State*, 647 S.W.2d at 371; TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1985). Appellant argues, however, that the testimony of the examining doctor eliminated the possibility of penetration and rendered J.G.'s testimonial evidence insufficient to convict him. We disagree.

When the sufficiency of the evidence is challenged in a criminal case, we view the evidence in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984) (en banc); *Gonzalez v. State*, 647 S.W.2d at 371. We must decide whether there was sufficient evidence to justify a rational trier of fact's finding that appellant was guilty beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983); *Gonzalez v. State*, 647 S.W.2d at 371.

The physician who examined J.G. was Doctor El-Mahmoudi. He testified on direct examination:

Q. Okay. Now on the next day, on the 24th you performed an additional examination?

A. The anus. I did not do it the first day because nothing was mentioned about any abuse with the anus area so I didn't do it. But [on the] second day she came back for that and I examined her thoroughly.

Q. All right, Doctor, can you tell us what the results [were] of your examination?

A. There's no indication, I cannot approve (sic) or disapprove (sic) of any penetration into the anus. The anus reflex was normal, there was no sign of scars or lacerations or anything like that that might have been produced, if a penis would have been used, but if a finger it would have not left anything.

On cross-examination, Doctor El-Mahmoudi testified:

Q. Dr. Mahmoudi, if a penis would have been inserted in her anus it would have left . . .

A. It would have left some scars and lacerations itself.

Q. And none of that was present during your examination?

A. None.

Appellant argues that the above testimony shows that a penis could not possibly have penetrated J.G.'s anus. In *Garcia v. State*, 563 S.W.2d 925, 927 (Tex.Crim.App. 1978), the Court of Criminal Appeals upheld the conviction even though, as here, the examining physician testified that there was no evidence of rape. In *Martinez v. State*, 662 S.W.2d 393, 395 (Tex.App.—Corpus Christi 1983, pet. ref'd), we upheld a conviction for rape despite the fact that the child's hymen was still intact. The rationale of these cases and many others is that evidence of only the *slightest* penetration of the vagina, or, as here, of the anus, will support a conviction of sexual assault. J.G.'s testimony supplies this evidence, and, when viewed in the light most favorable to the jury verdict, Doctor El-Mahmoudi's testimony does not contradict J.G.'s. His testimony does not exclude the possibility that appellant's penis did in fact penetrate J.G.'s anus only slightly even though it did not leave scars or lacerations.

Even if Doctor El-Mahmoudi's testimony was construed to be in conflict with J.G.'s,

we could not reverse appellant's conviction. The jury is the exclusive judge of the credibility of the witnesses and the facts. If the jury gave more weight to J.G.'s testimony than to Doctor El-Mahmoudi's, the jury acted properly. *Johnson v. State,* 673 S.W.2d 190, 196 (Tex.Crim.App.1984) (en banc). We also note that J.G.'s aunt partially corroborated J.G.'s testimony. The aunt telephoned appellant, her step-father, once he was out on bail. She testified that he admitted he sexually abused J.G., although she did not discuss the details of exactly what appellant admitted to doing.

■ Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence of penetration sufficient and overrule appellant's first ground of error.

In his second ground, appellant assigns error to the trial court's failure to charge the jury with the conditions to be imposed on him should the jury find him eligible for probation. The requested charge was taken directly from TEX.CODE CRIM.PROC. ANN. art. 42.12, § 6(a) (Vernon Supp.1985).

■ Appellant cites *Kemner v. State,* 589 S.W.2d 403 (Tex.Crim.App.1979) for the proposition that it was error for the trial court to refuse his requested charge. In *Kemner,* however, the Court of Criminal Appeals held that possible conditions and terms of probation *could* be submitted to the jury; the Court did not hold that they *had* to be. *See Kemner* at 409. We find the correct rule of law stated in *Flores v. State,* 513 S.W.2d 66 (Tex.Crim.App.1974). Although the *Flores* Court addressed the propriety of a trial court's imposing a condition of probation on a defendant which was not submitted to the jury, the language used by the Court is relevant here.

· While it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful to the accused....

*Id.* at 69; *see also Henderson v. State,* 617 S.W.2d 697, 700 (Tex.Crim.App.1981) (failure to inform jury of all conditions of probation is not fundamental error); *O'Neal v. State,* 421 S.W.2d 391, 396 (Tex.Crim.App. 1967). After all, under Article 42.12 Section 6(a) of the Code, it is the trial court, not the jury, which imposes the conditions and terms of probation; there is no fundamental, overriding reason to submit them to the jury. Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.