Opinion issued March 11, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00201-CR




MARIANO ESPINOZA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 707835




MEMORANDUM OPINION
          A jury convicted appellant, Mariano Espinoza, of aggravated sexual assault of
a child and assessed his punishment at 15 years in prison. See Tex. Pen. Code Ann.
§ 22.021(a)(1)(B)(i), (2)(B) (Vernon 2003). We determine whether the evidence is
legally and factually sufficient to support appellant’s conviction. We affirm.
Background
          M.A., who was 20 at the time of trial, testified that appellant, her father, had
repeatedly sexually assaulted her, both in Mexico and in Houston, from the time that
she was about five years old until she was about 15 or 16 years old, at which point
she ran away. Appellant denied ever having sexually assaulted M.A. and claimed that
M.A. had invented the assaults as revenge for his having slapped her on one occasion
and to extort money from him to buy marihuana for her boyfriend.
Legal Sufficiency of the Evidence
          In point of error one, appellant challenges the legal sufficiency of the evidence
to support his conviction.
          In conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict and ask whether any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). One commits aggravated sexual assault of a
child if he intentionally or knowingly causes the penetration, by any means, of the
anus or sexual organ of the child when she is younger than 14 years of age.


 See Tex.
Pen. Code Ann. § 22.021 (a)(1)(B)(i), (2)(B).
          Appellant argues that the evidence is legally insufficient because M.A.’s
testimony lacked credibility. In support, he points out that (1) M.A. claimed that
appellant had improperly touched or penetrated her “every time” that they were alone;
(2) she claimed that the assaults sometimes occurred in the physical presence of a
toddler sibling or when the mother or other siblings were home; (3) M.A. did not
make outcry until she was 14 and even denied abuse once before then; (4) M.A.
waited “a few weeks” after her outcry before going to the police; and (5) M.A.
continued living with appellant for three years after having reported the abuse. 
Appellant also argues that, as described by M.A., the assaults were impossible
because (1) they had occurred in small apartments in which up to a five-person family
lived; (2) the mother stayed at home full time; and (3) M.A.’s sister testified that M.A.
was “never” alone with appellant and that the three siblings were “always together.”
          However, “[u]nder both [a] legal and factual sufficiency [review], the jury is
the exclusive judge of the facts, the credibility of the witnesses, and the weight to be
given to the witnesses’ testimony.” Jaggers v. State, No. 01-02-00725-CR, slip op.
at 17 (Tex. App.—Houston [1st Dist.] Dec. 4, 2003, no pet.) (designated for
publication). The jury could have believed all, some, or none of the testimony of
M.A. or of any other witness. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986). Under the charge, the jury had to find only that appellant had sexually
assaulted M.A. on or before the date alleged and within the limitations period, not
that he had assaulted her as frequently as she testified. Viewed in the appropriate
light, the evidence shows that appellant had penetrated M.A. before she was 14 years
old, that M.A. made outcry to the sexual assaults at age 14, and that the medical
evidence was consistent with, though not conclusive of, penetration. From this
evidence, a rational jury could have found all the elements of aggravated sexual
assault. See Villanueva v. State, 703 S.W.2d 244, 245 (Tex. App.—Corpus Christi
1985, no pet.) (noting that testimony of sexual-assault victim alone is sufficient
evidence of penetration to support conviction, even when victim is child).
          We hold that the evidence is legally sufficient to support appellant’s
conviction. 
          We overrule appellant’s first point of error.
Factual Sufficiency of the Evidence
          In his second point of error, appellant argues that the evidence is factually
insufficient to prove that he sexually assaulted his daughter. When determining the
factual sufficiency of the evidence, we review all of the evidence neutrally. Johnson,
23 S.W.3d at 7. When the State bears the burden of proof, the proof of guilt is
factually insufficient if it is so obviously weak as to indicate that a manifest injustice
has occurred or if it is greatly outweighed by contrary proof. Zuliani v. State, 97
S.W.3d 589, 593-94 (Tex. Crim. App. 2003). In our review, we must consider the
most important evidence that the appellant claims undermines the jury’s verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          Appellant makes the same arguments and relies on the same evidence in
support of this challenge as he made in support of his legal-sufficiency challenge. 
Again, credibility was for the jury to assess and to weigh. See Johnson, 23 S.W.3d
at 7. The prosecutor and defense counsel implicitly recognized this when they told
the jury in closing that appellant’s conviction or acquittal rested on the various
witnesses’ credibility. Simply put, the jury was entitled to believe whom it believed. 
See id. 
          We have reviewed the entire record in the appropriate light, and we cannot say
that the evidence of guilt either is so weak as to indicate that a manifest injustice has
occurred or is greatly outweighed by contrary evidence. See Zuliani, 97 S.W.3d at
593-94.
          We overrule appellant’s second point of error.
 
 
Conclusion
We affirm the judgment of the trial court.
 


                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. See TEX. R. APP. P. 47.2(b).