NUMBER 13-04-00125-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JOHN EDWARD BROWN, IV,                                                          Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 319th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, John Edward Brown, IV, guilty
of the offense of aggravated sexual assault of a child and assessed his
punishment at ten years= imprisonment. 
The trial court has certified that this case Ais not a plea-bargain case, and [appellant] has the
right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  In four issues, appellant contends (1) the
trial court erred by (a) admitting evidence of extraneous offenses, (b)
refusing to allow appellant to call two witnesses solely to have them invoke
their Fifth Amendment privilege in front of the jury, and (c) giving an oral
limiting instruction to the jury, prohibiting the jury from drawing improper
inferences from the failure of the two witnesses to testify; and (2) the
evidence is factually insufficient to support his conviction.  We affirm.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the
basic reasons for it.  Tex. R. App. P. 47.4.

A.  Admission of Extraneous Offense Evidence

In his first issue, appellant complains the trial
court erred by admitting evidence of extraneous offenses during the
guilt/innocence phase of his trial. 
Specifically, appellant contends the trial court erred in allowing the
State to elicit testimony from a witness regarding (1) an assault appellant
committed on his wife and (2) deadly conduct appellant committed against the
victim=s mother.           

If a defendant objects to the admission of evidence,
but the same evidence is subsequently introduced from another source without
objection, the defendant waives his earlier objection.  Massey v. State, 933 S.W.2d 141, 149
(Tex. Crim. App. 1996); Leday v. State, 983 S.W.2d 713, 717-18 (Tex.
Crim. App. 1994).  This rule does not
apply when the evidence not objected to is presented in an effort to meet,
destroy or rebut the evidence initially objected to.  Leday, 983 S.W.2d at 718-19. 








During the guilt/innocence phase of trial, the victim
testified that she was at appellant=s house a couple of months after the sexual assault
occurred when a fight, which began verbally but became physical, broke out between
appellant and his wife.  Defense counsel
objected, claiming that the evidence of appellant=s assault on his wife was much more prejudicial than
probative, as it was only introduced to portray appellant as a violent human
being.  The trial court overruled the
objection.

Later, the victim testified, without objection, that
appellant=s wife was really scared of appellant because he was
very violent and abusive and had hit his wife and child on at least three or
four separate occasions.  Nueces County
Sheriff=s Department Deputy Angie Rendon testified, without
objection, that appellant=s wife told her that appellant had abused her a
lot.  Christopher Garrett, appellant=s roommate, testified, without objection, that a
fight broke out between appellant and his wife on the same night that the
victim testified a fight took place. 
Appellant=s wife testified, without objection, that appellant
had hit her, leaving injuries to her lower lip, and that twenty-five to thirty
percent of their arguments involved physical violence.

The victim also testified that when her mother
confronted appellant about the sexual assault, appellant got a shotgun and
pointed it at her mother.  Defense
counsel objected, claiming the evidence was only prejudicial and not
probative.  Later, the victim=s mother testified, without objection, that, when she
confronted appellant about the sexual assault, appellant got a gun, threatened
to Akill the whole goddamn bunch of you,@ and pointed the gun at her.  The victim=s mother also testified, again without objection,
that when she confronted appellant about reneging on his promise to get
counseling, he again pointed a rifle at her and threatened to kill everyone.








Evidence of appellant=s assault on and violent conduct toward his wife and
deadly conduct against the victim=s mother was presented to the jury on numerous
occasions, without objection.  There is
nothing in the record to indicate that any of the subsequently introduced
evidence was presented to meet, destroy, or rebut the initial, objected to
submissions of evidence.

We hold appellant waived his objections to the
admission of evidence of an assault committed by appellant against his wife and
deadly conduct committed by appellant against the victim=s mother when, later in the trial, he allowed the
same evidence to be presented to the jury without objection.  Appellant=s first issue is overruled.

B.  Trial Court=s Refusal to Allow Defense
Witnesses to Testify

In his second issue, appellant contends the trial
court erred in refusing to allow him to call two witnesses who indicated to the
court that each would invoke the Fifth Amendment to every question asked of
them if they took the stand.

Robert McCain and Benito Garza had been with
appellant and the victim the night of the sexual assault.  During testimony, it was learned that McCain
and Garza were both alleged to have been participating in illegal activities,
including touching the victim in a sexual manner, on the night in
question.  Appellant then sought to call
McCain and Garza to testify.  The trial
court conducted an inquiry outside the presence of the jury regarding whether
McCain and Garza would invoke their Fifth Amendment privilege to any questions
asked of them, determined that they would, and ruled there was no need for them
to invoke that privilege in front of the jury.








If a potential defense witness has a Fifth Amendment
privilege against incriminating himself, that privilege overrides a defendant=s right to compel testimony.  Palomo v. State, 925 S.W.2d 329, 334
(Tex. App.BCorpus Christi 1996, no pet.); see Bridge v. State,
726 S.W.2d 558, 567 (Tex. Crim. App. 1986). 
Moreover, a defendant has no right to have a witness merely assert his
privilege against self-incrimination in front of the jury.  Bridge, 726 S.W.2d at 567; Palomo,
925 S.W.2d at 334.  The critical inquiry
for the trial court to make before it excludes testimony is whether a potential
defense witness who may have a privilege against testifying intends to invoke
that privilege or intends to waive that privilege if called to the stand.  Palomo, 925 S.W.2d at 334.  The intentions of a potential witness, if not
already apparent, can be determined by questioning that potential witness at a
hearing outside the presence of the jury. 
Id.  Once the potential
witness indicates that he will invoke his constitutional privilege, the court
need not call him to the stand before the jury.  Id.

Here, the trial court conducted the proper inquiry
and, after determining that McCain and Garza would invoke their constitutional
privilege, was under no obligation to allow appellant to call McCain and Garza
to the stand.  Appellant=s second issue is overruled.

C.  Trial Court=s Submission of the Jury
Instruction

In his third issue, appellant contends the trial
court erred in giving an oral limiting instruction to the jury concerning the
two witnesses who did not testify. 
Specifically, appellant asserts the instruction was too broad and could
have unfairly prejudiced the jury into believing it could not reasonably infer
from the evidence presented at trial that either of the two witnesses could
have perpetrated the crime of which appellant was accused. 

To preserve a complaint for appellate review, a party
must have (1) presented a timely request, objection, or motion to the trial
court stating the specific grounds for the desired ruling if the specific
grounds were not apparent from the context, and (2) obtained a ruling.  Tex. R.
App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886-87 (Tex.
Crim. App. 2002). 








In his opening statement, appellant=s counsel informed the jury that McCain and Garza
would be called to testify. At the close of trial, appellant, outside the
presence of the jury, requested an instruction to the jury that it was not
appellant=s fault that the witnesses had not been called and
that the jury should draw no inferences against appellant regarding the absence
of those two witnesses.

The State requested that the instruction be amended
to show that it was also not the State=s fault and no inferences should be drawn against the
State either.  Appellant accepted the
State=s changes, without objection.  The trial court repeated the changed
instruction to both parties and asked if both were satisfied with the
instruction.  Neither party
objected.  The trial court then orally
instructed the jury as follows:

Members of the jury, during the opening statement Mr.
Tinder informed you that the defense would be calling in addition to its other
witnesses, two witnesses; that being Benito Garza and Robert McCain.  Those two witnesses will not be testifying,
through no fault of either the defense or the State, and the Court will
instruct you that you are not to draw any inferences adverse to either side
from the absence of those witnesses at this trial.

 

Appellant made no objection to the instruction.

Here, appellant did not call the court=s attention to any error in the instruction and did
not object to the instruction when the trial court informed him of the
instruction or when the instruction was read to the jury.  Thus, appellant waived any error.  Appellant=s third issue is overruled.

D.  Factual Sufficiency

In his fourth issue, appellant contends the evidence
is factually insufficient to support his conviction.  Specifically, appellant asserts (1) the
victim=s testimony lacked credibility and (2) appellant=s wife provided testimony that negated the factual
accuracy of the victim=s testimony.








When we review the factual sufficiency of the
evidence, we review all of the evidence and set aside the verdict only if (1)
the evidence is so weak as to be clearly wrong and manifestly unjust or (2) the
verdict is against the great weight of the evidence.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  We are not bound
to view the evidence in the light most favorable to the prosecution and may
consider the testimony of all the witnesses. Id. at 10-12.  Disagreeing with the fact finder=s determination is appropriate only when the record
clearly indicates that such a step is necessary to arrest the occurrence of a
manifest injustice; otherwise, due deference must be accorded the fact finder=s determinations, particularly those concerning the
weight and credibility of the evidence.  Id.  We measure the factual sufficiency of the
evidence by the elements of the offense as defined by a hypothetically correct
jury charge for the case.  Wheaton v.
State, 129 S.W.3d 267, 272 (Tex. App.BCorpus Christi 2004, no pet.); see Adi v. State,
94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref=d).

Appellant was charged with the offense of aggravated
sexual assault of a child by penetration of the female sexual organ.  A person commits aggravated sexual assault of
a child by intentionally or knowingly causing the penetration of the sexual
organ of a child by any means and the victim is younger than fourteen years of
age.  Tex.
Pen. Code Ann. _ 22.021 (Vernon 2004).  The
testimony of a sexual assault victim alone is sufficient evidence of
penetration to support a conviction.   Villanueva
v. State, 703 S.W.2d 244, 245 (Tex. App.BCorpus Christi 1985, no pet.).  This is true even where the victim is a
child.  Id.  Here, the victim testified positively that
she saw her rapist, heard his voice, and appellant was the rapist.








Viewing the evidence neutrally, we conclude the
evidence is not so weak as to be clearly wrong and manifestly unjust and the
verdict is not against the great weight of the evidence.  The proof contrary to the State=s evidence, which consisted of testimony from
appellant=s wife that appellant was with her at the time of the
assault, does not greatly outweigh the proof of guilt.  Accordingly, we hold the evidence is
factually sufficient to support appellant=s conviction for the offense of aggravated sexual
assault.  Appellant=s fourth issue is overruled.

The judgment of the trial court is affirmed.

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.