NUMBERS 13-06-357-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


TONY HERNANDEZ, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 28th District Court of Nueces County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Garza


 On June 1, 2006, appellant, Tony Hernandez, was convicted by a jury of aggravated
sexual assault of a child, M.I. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), 2(B) (Vernon
Supp. 2006). The trial court sentenced appellant to five years' imprisonment. By one issue,
appellant contends that the evidence adduced at trial is factually insufficient to sustain his
conviction. For the reasons set forth below, we affirm.

I. Factual and Procedural Background At trial, M.I. testified that on the afternoon of February 28, 2005, appellant had sexual
intercourse with her. M.I., who was thirteen at the time, had spent the preceding Friday
night, February 27, 2005, at the house of her female friend, T.C. M.I. remained at T.C.'s
house through Saturday afternoon. M.I. testified that on Saturday afternoon she took a pill
from the dresser of T.C.'s brother. M.I. believed the pill to be Tylenol. She subsequently
became dizzy and her vision became blurred. M.I.'s disorientation prompted her to lie on
the bed of T.C.'s brother in order to let the dizziness subside. M.I. further testified that, at
some point on Saturday afternoon, appellant came into the bedroom and laid on top of her. 
Appellant allegedly began kissing M.I. on the mouth and took off her pants and underwear. 
Then, M.I. testified that appellant put his hand over her mouth, pulled down his pants, and
engaged in sexual intercourse with her. Appellant stopped when he heard a noise from an
adjoining room in the house. M.I. claimed that appellant told her not to tell anyone about
the incident. 

 Maria Perez, the girlfriend of M.I.'s father, testified that M.I. told her she chose not
to disclose the incident to family members because she feared appellant. Several days
before April 14, 2005, Perez noticed that M.I. was depressed. At this time, M.I. divulged
that she was having trouble urinating, but did not disclose that any sexual misconduct
occurred. M.I. also did not disclose the sexual assault at a subsequent doctor visit to Dr.
Edgar Cortes. However, on April 14, M.I. told her family about the incident. On April 15,
M.I. was taken to Driscoll Children's Hospital ("Driscoll") in Corpus Christi, Texas for a
sexual abuse exam. While at Driscoll, Sexual Abuse Nurse Examiner Elizabeth Andelman
examined M.I., but failed to find any sexual trauma. A psychosocial examination of M.I. by
licensed social worker Lisa Porterfield yielded credible evidence to support a finding of
sexual abuse and led to appellant being charged with aggravated sexual assault of M.I. 

 On June 1, 2006, appellant was convicted by a jury of aggravated sexual assault of
M.I. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), 2(B). At the punishment phase of the
trial, the jury failed to unanimously agree on the punishment to be assessed against
appellant, so the trial court declared a mistrial. Upon retrying the punishment phase,
appellant waived his right to jury sentencing and allowed the trial judge to assess
punishment. (1) The State and defense agreed on a recommended sentence of five years. 
Subsequently, the trial judge assessed punishment of five years' imprisonment. This appeal
ensued. 

II. Factual Sufficiency 

A. Standard of Review

 In a factual sufficiency review, we view the evidence in a neutral light and ask
whether a jury was rationally justified in finding guilt beyond a reasonable doubt. See
Watson v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). We then determine
whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and preponderance of
the conflicting evidence. Id. at 415. We will not reverse a case on a factual sufficiency
challenge unless we can say, with some objective basis in the record, that the great weight
and preponderance of the evidence contradicts the jury's verdict. Id. at 417.

 Under a factual sufficiency standard, the fact-finder is the exclusive judge of the
witnesses' credibility and the weight to be given to their testimony. See Swearingen v.
State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). The jury is in the best position to
evaluate the credibility of the witnesses, and our factual-sufficiency jurisprudence still
requires an appellate court to afford "due deference" to the jury's determinations. Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). Although the reviewing court is
permitted "to substitute its judgment for the jury's" when considering credibility and weight
determinations, it may do so only "to a very limited degree." Id. at 625 (citing Watson, 204
S.W.3d at 417). 

 We measure the sufficiency of the evidence by the elements of the offense as
defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 128 (Tex. App.-Corpus Christi 2002, pet.
ref'd). A hypothetically correct jury charge is one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's burden of proof
or restrict its theories of liability, and adequately describes the particular offense for which
the defendant was tried. Malik, 94 S.W.3d at 240.

 To support a conviction for aggravated sexual assault of a child, the State had to
prove that appellant: (1) intentionally or knowingly, (2) caused the penetration of the anus
or sexual organ of a child by any means, (3) the child is younger than fourteen years of age,
and (4) is not the offender's spouse. See Tex. Penal Code Ann. § 22.011(c)(1) (Vernon
Supp. 2006); Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B), (b)(1).


B. Analysis

 By his sole issue on appeal, appellant claims that the evidence is factually insufficient
to sustain his conviction. As noted above, M.I. testified that appellant sexually penetrated
her while she lay on the bed of T.C.'s brother. However, appellant contends that M.I.'s
testimony yielded numerous inconsistencies. Specifically, appellant argues: (1) M.I.
testified that she became dizzy before taking a pill she believed to be Tylenol, which is
contrary to the statement made to Nurse Andelman at Driscoll that she became dizzy after
taking the pill, (2) (2) M.I. failed to comment on appellant placing his hands over her mouth in
her oral testimony, (3) M.I. made inconsistent statements with respect to T.C. taking "Z
bars," (3) (4) M.I. used the words "dick" and "pussy" in her statement to Nurse Andelman at
Driscoll, which was contrary to her court testimony describing the aforementioned sexual
organs as "private parts," and (5) that the lack of evidence of physical trauma on M.I.
renders the evidence inconsistent. Appellant asserts that these inconsistencies render
M.I.'s uncorroborated testimony factually insufficient. (4)

 Appellant's main assertion is that, because M.I.'s testimony was inconsistent, it is,
by itself, factually insufficient to support his conviction. The record does reflect
inconsistencies in M.I.'s testimony. The evidence shows that M.I. testified at trial that she
was dizzy before taking the pill she believed to be Tylenol. However, in her statement to
Nurse Andelman at Driscoll, M.I. claimed that she became dizzy after taking the pill. The
record further reflects that M.I. made inconsistent statements regarding T.C. taking "Z bars." 
M.I. testified that she had not seen T.C. take "Z bars" before, which contradicts the
statement she gave to the police that she had seen T.C. take "Z bars" before and that is
what she believed she had taken. Additionally, in referring to her sexual organs and
appellant's sexual organs, M.I. used the word, "private parts," during her testimony at trial
whereas she used the words, "dick" and "pussy," in giving her statement to Nurse Andelman
and the police. Further, in her testimony, M.I. testified that appellant placed his hands over
her mouth while the sexual assault took place. However, in her statement to police, M.I.
failed to say anything about appellant placing his hands over her mouth.

 While the evidence presented at trial may be different, the introduction of
inconsistent or conflicting evidence is not enough to render the evidence insufficient as a
whole. See State v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993); Dornbusch v. State,
156 S.W.3d 859, 872 (Tex. App.-Corpus Christi 2005, pet. ref'd) (stating that conflicts or
inconsistencies in the evidence do not render the evidence factually insufficient); Reeves
v. State, 969 S.W.2d 471, 478-79 (Tex. App.-Waco 1998, pet. ref'd) (citing Turro, 867
S.W.2d at 47); Eaglin v. State, 872 S.W.2d 332, 337 (Tex. App.-Beaumont 1994, no pet.); 
see also Ortiz v. State, No. 13-05-696-CR, 2006 Tex. App. LEXIS 5093, at **4-5 (Tex.
App.-Corpus Christi 2006, no pet.) (not designated for publication) (citing Turro, 867
S.W.2d at 47). Inconsistent testimony is subject to a credibility determination which is
clearly within the jury's province. Marshall, 210 S.W.3d at 625; Swearingen, 101 S.W.3d
at 97. Moreover, the testimony of a child victim of sexual abuse is given wide latitude by
the courts and the description of the sexual abuse need not be precise. Villalon v. State,
791 S.W.2d 130, 134 (Tex. Crim. App. 1990). 

 Appellant further argues that the lack of physical trauma on M.I. renders the evidence
factually insufficient to support his conviction. However, Texas courts have found that no
requirement exists that physical, medical, or other evidence be offered to corroborate the
testimony. See Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); Kemple v.
State, 725 S.W.2d 483, 485 (Tex. App.-Corpus Christi 1987, no pet.) (citing Garcia, 563
S.W.2d at 928; Gonzalez v. State, 647 S.W.2d 369, 371 (Tex. App.-Corpus Christi 1983,
pet. ref'd)); see also Mendez v. State, No. 13-05-108-CR, 2006 Tex. App. LEXIS 3000, at
*6 (Tex. App.-Corpus Christi 2006, no pet.) (not designated for publication) (citing Garcia,
563 S.W.2d at 928). 

 The record reflects that Nurse Andelman did not find any evidence of sexual trauma
on the body of M.I. And, although appellant admitted being at the house of T.C., he denied
ever being alone with M.I. and denied committing the offense. Nonetheless, M.I. identified
appellant as the perpetrator of the sexual abuse. Further, Officer Tim Revis of the Corpus
Christi Police Department, the arresting officer, noted in his testimony that in many cases
involving the sexual abuse of a child, there is no sexual trauma found on the child even
though the perpetrator has confessed to sexually abusing the child. Moreover, Lisa
Porterfield's psychosocial examination of M.I. concluded that M.I. was sexually assaulted. 

 We emphasize that it is within the sole province of the jury to reconcile conflicts,
contradictions, and inconsistencies in the evidence and testimony. Marshall, 210 S.W.3d
at 625; Swearingen, 101 S.W.3d at 97; Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim.
App. 1982); Dornbusch, 156 S.W.3d at 872. The jury judges the credibility of the witnesses,
and it is free to believe or disbelieve any portion of a witness' testimony. Tran v. State, 167
S.W.3d 483, 492 (Tex. App.-Houston [14th Dist.] 2005, pet. ref'd) (citing Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997); Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986)). 

 Thus, after a neutral review of the evidence, we conclude the evidence is not so
weak as to be clearly wrong and manifestly unjust, nor is there contrary evidence that
makes the finding of guilt against the great weight and preponderance of the evidence. See
Watson, 204 S.W.3d at 414; Malik, 953 S.W.2d at 240; see also Wood v. State, No. 13-06-210-CR, 2007 Tex. App. LEXIS 6752, at **9-10 (Tex. App.-Corpus Christi 2007, no pet. h.)
(not designated for publication). Accordingly, we conclude that the evidence is factually
sufficient to support appellant's conviction. Appellant's sole issue is overruled.

 



III. Conclusion


 We affirm the judgment of the trial court.


 



 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 11th day of October, 2007.
1. Appellant notes that the trial court "should probably have admonished the [a]ppellant- that only a jury could
grant his application for community supervision." See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(E)
(Vernon 2006). But, nonetheless, appellant states there is nothing in the record to suggest his trial attorney
had not covered community supervision with him and further concludes no issue was preserved. Accordingly,
we will not address this contention. 
2. M.I. made the following statement to Nurse Andelman at Driscoll:

 

 I had a headache and took what I thought was Tylenol. Suddenly I felt dizzy and my eyes
were blurry and I laid down. Tony, he [sic] got on top of me and took off my pants. I told him
to stop and he didn't. He put his dick in my pussy (indicates female sexual organ by
pointing). He told me not to tell.
3. Appellant notes that "Z bars" are the street name for prescription Xanax and implies that M.I. may have
mistakenly taken Xanax when she took what she believed to be Tylenol from the dresser of T.C.'s brother. 
Appellant further notes that M.I. previously stated that she had seen T.C. take "Z bars," but appellant asserts
that M.I. testified in court that this statement was untrue.
4. Appellant briefly argues that M.I.'s testimony should have been corroborated by an independent source and
that the failure to corroborate warrants a reversal of his conviction. However, appellant's argument has not
been fully developed. In accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will only
consider contentions that are supported by clear and concise arguments with appropriate citations to
authorities and the record. Tex. R. App. P. 38.1(h); Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App.
1996) (en banc). 


 In any event, we note that the Texas Code of Criminal Procedure provides that the testimony of a child
victim alone is sufficient to support a conviction for sexual abuse. Tex. Code Crim. Proc. Ann. art. 38.07(a)
(Vernon 2005). Texas courts have consistently held that the testimony of the child victim is enough to support
a conviction for sexual abuse. See Tear v. State, 74 S.W.3d 555, 560 (Tex. App.-Dallas 2002, pet. ref'd);
Empty v. State, 972 S.W.2d 194, 196 (Tex. App.-Dallas 1998, pet. ref'd); Ruiz v. State, 891 S.W.2d 302, 304
(Tex. App.-San Antonio 1994, pet. ref'd); Karnes v. State, 873 S.W.2d 92, 96 (Tex. App.-Dallas 1994, no pet.)
(noting that a child victim's testimony alone is sufficient evidence of penetration to support a conviction for
aggravated sexual assault); Kimberlin v. State, 877 S.W.2d 828, 831 (Tex. App.-Fort Worth 1994, pet. ref'd)
(citing Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991)); Villanueva v. State, 703 S.W.2d 244,
245 (Tex. App.-Corpus Christi 1985, no pet.); Gonzalez v. State, 647 S.W.2d 369, 371 (Tex. App.-Corpus
Christi 1983, pet. ref'd). There is no requirement that properly admitted outcry testimony be corroborated or
substantiated by the victim or independent evidence. Rodriguez, 819 S.W.2d at 874.