NUMBER 13-04-00429-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

DIONICIO CARBAJAL,                                                                     Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

On appeal from the 36th District
Court of San Patricio County, Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Dionicio Carbajal,
guilty of two counts of indecency with a child,[1]
three counts of aggravated sexual assault of a child,[2]
one count of sexual assault of a child,[3]
and one count of sexual assault.[4]  The jury assessed his punishment at twenty
years= imprisonment for each count of indecency
with a child, ninety-nine years= imprisonment for each count of aggravated
sexual assault of a child, twenty years= imprisonment for the sexual assault of a
child count, and twenty years= imprisonment for the sexual assault
count.  The trial court has certified that this is not a plea-bargain case, and
the appellant has the right of appeal.  See
Tex. R. App. P. 25.2(a)(2).  In two points of error, appellant contends (1) the evidence is factually
insufficient to support his conviction for the offenses of indecency with a
child, aggravated sexual assault of a child, sexual assault of a child, and
sexual assault, and (2) he received ineffective assistance of counsel.  We affirm. 


The issues of law presented by this case are
well settled and the parties are familiar with the facts.  Therefore, we will not recite the law and
facts in this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.

A.  Factual Sufficiency








In his first issue, appellant contends the evidence
is factually insufficient to support his conviction for the offenses of indecency with a child,
aggravated sexual assault of a child, sexual assault of a child, and sexual
assault.  Specifically, appellant asserts
that an audiotape of a telephone conversation between appellant and the victim
is insufficient to corroborate the victim=s testimony and overcome inconsistencies in
the testimonial evidence presented.  

The standard of review for a challenge to the
factual sufficiency of evidence is well settled.  See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997).  

We first note that because the alleged sexual offenses occurred when
the victim was a person seventeen years of age or younger, corroboration of her
testimony was not necessary to support appellant=s
convictions under chapter 21, section 22.011, or section 22.021 of the penal
code.  See Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1) (Vernon
2005).  Furthermore, the testimony of a sexual assault
victim alone is sufficient evidence to support a conviction.  Villanueva v. State, 703 S.W.2d 244,
245 (Tex. App.BCorpus Christi 1985, no pet.); see also
Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978).
This is true even where the victim is a child. 
Villanueva, 703 S.W.2d at 245 (citing Gonzalez v. State,
647 S.W.2d 369, 371 (Tex. App.BCorpus Christi 1983, pet. ref'd)).  Because no evidence was necessary to
corroborate the victim=s testimony, it is unnecessary to determine
whether the corroborating evidence presented was insufficient.








In addition, while evidence presented at
trial may offer conflicting accounts, the introduction of conflicting evidence
is not enough to render the evidence insufficient as a whole.  State v. Turro, 867 S.W.2d 43, 47
(Tex. Crim. App. 1993).  It is within the province of the jury, as
fact-finder, to judge the weight and credibility to be accorded witness
testimony, and we must defer to the jury's determination concerning what weight
to give contradictory testimonial evidence. 
Johnson, 23 S.W.3d at 8-9 (citing Jones v. State, 944
S.W.2d 642, 648-49 (Tex. Crim. App. 1996)).  We assume the fact finder
resolved any conflicts in the evidence in favor of the verdict and must defer
to that resolution.  Turro, 867
S.W.2d at 47 (citing Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim.
App. 1991)). The jury Acan choose to believe all, some, or none of
the testimony presented by the parties.@  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  Consequently, our review of the sufficiency
of the evidence does not turn upon an evaluation of any one piece of evidence. 

            After
reviewing all of the evidence in a neutral light, we conclude that the evidence
in favor of the verdict is not so weak, nor the conflicting evidence so strong,
as to make the verdict against the great weight and preponderance of the
evidence.  Therefore, we conclude the
evidence is factually sufficient to support appellant=s conviction for the offenses of indecency
with a child, aggravated sexual assault of a child, sexual assault of a child,
and sexual assault.  See Johnson,
23 S.W.3d at 11; Malik, 953 S.W.2d at 240.  Appellant=s first issue is overruled.

B.  Ineffective Assistance of Counsel

In his second issue, appellant asserts he
received ineffective assistance of counsel at trial because trial counsel (1)
did not file any pre-trial motions, (2) during voir dire did not object to
certain questions asked by the State and did not reiterate statements made by
the court about the Apresumption of innocence,@ (3) did not include the discussion with the
judge regarding the admission of the audiotape in the record, (4) did not
object to the testimony of the State=s Aoutcry@ witness as hearsay evidence, (5) called a
community supervision officer in charge of supervising sex offenders as a
witness during the punishment phase of the trial, and (6) did not file a motion
for new trial.  








The standard of review for a claim of
ineffective assistance of counsel is well established.  See Strickland v. Washington,
466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 814 (Tex.
Crim. App. 1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). 

In the absence of affirmative evidence
contained in the record, we presume trial counsel=s actions were strategically motivated and
that counsel's conduct fell within the wide range of reasonable professional
assistance.  Strickland, 466 U.S.
at 689; Thompson, 9 S.W.3d at 814; Jackson, 877 S.W.2d at
771.  We will not conclude that the
conduct was deficient unless the conduct was so outrageous that no competent
attorney would have engaged in it. Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).

The record in this case does not show trial
counsel=s reasoning behind the challenged
conduct.  Because appellant's complaint
that he received ineffective assistance of counsel is not firmly founded in the
record, and the record does not affirmatively demonstrate the alleged
ineffectiveness, we cannot say that trial counsel's performance failed to
constitute reasonably effective assistance by falling below an objective
standard of reasonableness.[5]  Appellant=s second issue is overruled. 

The judgment of the trial court is
affirmed.    

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
30th day of August, 2005.











[1] See Tex. Pen Code Ann. ' 21.11 (Vernon 2003).





[2] See Tex. Pen Code Ann. ' 22.021 (Vernon Supp.
2004-05).





[3] See Tex. Pen Code Ann. ' 22.011 (Vernon Supp.
2004-05).





[4] See Tex. Pen Code Ann. ' 22.011(b)(2) (Vernon Supp.
2004-05).





[5] Appellant is not
foreclosed from presenting his claim via collateral attack by virtue of an
application for post‑conviction writ of habeas corpus. Ex parte Nailor,
149 S.W.3d 125, 130‑31 (Tex. Crim. App. 2004).