NUMBER 13-05-696-CR

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


NICANDRO MARCOS ORTIZ,                                                         Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                Appellee.

                                                                                                                                      


          On
appeal from the 214th District Court of Nueces County, Texas.

                                                                                                                      


                                MEMORANDUM
OPINION

 

                     Before
Justices Hinojosa, Rodriguez, and Garza

                             Memorandum
Opinion by Justice Garza

 








Appellant, Nicandro Marcos Ortiz, was convicted of
second-degree indecency with a child and first-degree aggravated sexual
assault.  See Tex. Pen. Code Ann. ' 21.11(a)(1), (2) (Vernon 2003), ' 22.021(a)(1)(B)(i) (Vernon Supp. 2005).  The jury assessed punishment at seven years= imprisonment for the indecency with a child count
and fifteen years= imprisonment for the aggravated sexual assault
count.  For the reasons that follow, we
affirm the judgment of the trial court.

The victim, S.E., who was 12 years of age at the
time of the alleged incidents, is the step-daughter of appellant.  The victim testified that beginning December
2004 and continuing throughout 2005, appellant, on numerous occasions, touched
her breasts and vagina with his hands and penetrated her vaginally with his
penis.  

By one issue appellant asserts that the evidence is
factually insufficient to sustain his conviction.

I. Standard of Review








In a factual sufficiency review, the evidence is
viewed in a neutral light, favoring neither party.  See Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996).  In this neutral
light, we determine whether Athe proof of guilt is so obviously weak as to
undermine confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.@  See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  A clearly wrong and unjust verdict occurs
where the jury=s finding Ashocks the conscience@ or Aclearly demonstrates bias.@  Santellan
v. State, 939 S.W.2d 155, 164-65 (Tex. Crim. App 1997).  We are authorized to disagree with the fact
finder's verdict even if probative evidence exists that supports the
verdict.  Id. at 164; see also
Johnson, 23 S.W.3d at 7.         In a
criminal conviction, sufficiency of the evidence is determined by the elements
of the crime as defined by the hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The correct charge would be one that Aaccurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's
burden of proof or unnecessarily restrict the State's theories of liability,
and adequately describes the particular offense for which the defendant was tried.@  Id.

To support a conviction for indecency
with a child, the State had to prove that appellant performed one of the
following acts with a child younger than 17 years of age who was not his
spouse: (1) engaged in sexual contact with the child or caused the child to
engage in sexual contact; or (2) with intent to arouse or gratify the sexual
desire of any person: (A) exposed his anus or any part of his genitals, knowing
the child is present; or (B) caused the child to expose the child=s anus or any part of the child=s genitals.  See Tex.
Pen. Code Ann. ' 21.11(a)(1), (2).

To support a conviction for aggravated
sexual assault of a child, the State had to prove that appellant (1)
intentionally or knowingly; (2) caused the penetration of the anus or sexual
organ of a child by any means; (3) the child is younger than 14 years of age;
and (4) is not the offender=s spouse.  See id. ' 22.021(a)(1)(B)(i).

II. Analysis

Appellant contends there is factually
insufficient evidence to support his convictions because the only testimony
provided was the Auncorroborated testimony of a child who
has a habit of telling lies, and who is repeatedly impeached.@  

We first note that because the alleged
sexual offenses occurred when the victim was a person seventeen years of age or
younger, corroboration of her testimony was not necessary to support appellant=s convictions under chapter 21 or
section 22.021 of the penal code.  See
Tex. Code Crim. Proc. Ann.
art. 38.07(a) (Vernon 2005). 
Furthermore, the testimony of a sexual assault victim alone is
sufficient evidence to support a conviction. 
Villanueva v. State, 703 S.W.2d 244, 245 (Tex. App.BCorpus Christi 1985, no pet.); see
also Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).








In addition, while evidence presented at
trial may offer conflicting accounts, the introduction of conflicting evidence
is not enough to render the evidence insufficient as a whole.  State v. Turro, 867 S.W.2d 43, 47
(Tex. Crim. App. 1993).  It is within the
province of the jury, as fact-finder, to judge the weight and credibility to be
accorded witness testimony, and we must defer to the jury=s determination concerning what weight
to give contradictory testimonial evidence. 
See Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997);
Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).  We assume the fact finder resolved any
conflicts in the evidence in favor of the verdict and must defer to that
resolution.  Turro, 867 S.W.2d at
47.     








The victim testified that appellant
touched her breasts and vagina with his hands on several occasions and that
appellant Astuck it [appellant=s penis] into my private part@ and that fluid came out.  The jury also heard and considered
inconsistencies in the victim=s testimony as well as evidence tending
to negate appellant=s guilt and determined that appellant
was guilty of indecency with a child and aggravated sexual assault of a
child.  Although, as appellant notes, the
jury in this case was presented with testimony that could have called the
victim=s credibility into question, this
conflicting evidence is not enough to render the evidence insufficient as a
whole.  See id.  Again, it is within the sole province of
the jury to reconcile conflicts, contradictions, and inconsistencies in the
evidence.  Bowden, 628 S.W.2d at
784.  After reviewing all of the evidence
in a neutral light, and deferring to the jury's role as fact-finder to judge
the weight and credibility to be accorded to witness testimony, we conclude
that the evidence in favor of the verdict is not so weak, nor the conflicting
evidence so strong, as to make the verdict against the great weight and
preponderance of the evidence.  Therefore,
we conclude the evidence is factually sufficient to support appellant=s conviction for the offenses of
indecency with a child and aggravated sexual assault of a child. 

We affirm the judgment of the trial
court.

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                             

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 15th day of June, 2006.