Steve **KEMPLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–216–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 12, 1987.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of aggravated kidnapping and the trial court assessed his punishment at forty-five years in the Texas Department of Corrections.

In his first ground of error, appellant challenges the sufficiency of the evidence. The indictment alleged that appellant intentionally and knowingly abducted J.S. with the intent to violate and abuse him sexually. Appellant does not state in his brief exactly how the evidence is insufficient. Instead, he sets forth the elements of the offense, argues that the aggravating circumstance (intent to violate and abuse J.S. sexually) must be present at the time of abduction, notes that J.S. offered the only evidence as to a sexual assault, and then concludes that it would be "a sad state of affairs to have a conviction result on such testimony." We briefly summarize portions of the evidence and then address appellant's points.

J.S., an eight-year-old boy, testified that he was playing in his front yard one afternoon when appellant dragged him into a nearby abandoned house and sexually assaulted him. J.S. was then locked in a closet and forced to remain there overnight. Early the next morning J.S. escaped from the closet and returned home.

J.S.'s mother, who had reported her son missing the night before, again summoned the police. J.S. showed police the house where he had been held and was then taken to a hospital. Shortly thereafter, police officers, who were surveilling the house, saw appellant enter the house and open the closet where J.S. had been held. Police arrested appellant and took him to the hospital where J.S. was being treated. There J.S. identified appellant as his assailant.

Appellant testified at trial that he did not commit the offense. He stated that he was arrested inside the abandoned house while making notes of needed repairs. He testified that he performed various home repairs for a living, as well as yard work, and was planning to contact the owner of the abandoned house to offer his services. Alibi witnesses testified as to appellant's whereabouts at the time the offense was allegedly committed, thus giving appellant an alibi defense.

■ To the extent that appellant argues that the intent to violate or abuse J.S. sexually must coincide with the initial abduction, we disagree. Kidnapping is a "continuing offense." The abduction does not "occur" at only one time, but rather is a continuous, ongoing event. *Weaver v. State*, 657 S.W.2d 148 (Tex.Crim.App.1983). Thus, the aggravating intent does not have to coincide with the initial act of abduction.

■ Appellant also suggests that the victim's testimony should have been corroborated or that it was somehow incredible because J.S. was influenced in his identification of appellant. There is no requirement that the victim's testimony of penetration be corroborated by medical testimony or by other physical evidence. *Garcia v. State*, 563 S.W.2d 925 (Tex.Crim.App. 1978); *Gonzalez v. State*, 647 S.W.2d 369 (Tex.App.—Corpus Christi, 1983, pet. ref'd). The victim's testimony that he was abused sexually is sufficient to show appellant's intent. *Gibbons v. State*, 652 S.W.2d 413 (Tex.Crim.App.1983); *Guana v. State*, 672 S.W.2d 248 (Tex.App.—Beaumont 1984, no pet.). Furthermore, actual penetration was not even required to show appellant's intent to sexually abuse J.S. Appellant's argument is thus without merit.

As to whether J.S. was influenced in his identification of appellant, the jury heard the testimony of J.S. and various police officers concerning the identification procedure, J.S.'s in-court identification of appellant, and circumstantial evidence of identification, as well as appellant's alibi defense. Thus the jury heard conflicting evidence and had to judge the credibility of the witnesses. The jury was free to believe or disbelieve any witness or any portion of any witness' testimony. *Johnson v. State*, 571 S.W.2d 170 (Tex.Crim.App.1978); *Westfall v. State*, 663 S.W.2d 664 (Tex.App.— Corpus Christi 1983, pet. ref'd). The jury chose to disbelieve appellant and obviously chose to believe part or all of the State's evidence concerning identity. The credibility of the witnesses was a matter for the jury to decide. No error is shown in the jury's decision to believe the State's witnesses.

■ In his second ground of error, appellant complains that the trial court erred in allowing the State to introduce certain rebuttal testimony. At trial, the State called the person who owned the abandoned house. He testified that he did not know appellant and had not given him permission to work on the house. The State argues that this evidence was admissible to refute appellant's claim that he knew who owned the house. We disagree with the State's assessment of appellant's testimony. Our review shows that appellant testified that he thought Suniland Furniture owned the house. He made no claim of actually knowing who owned the house or having made any contacts with the owner concerning this particular house. Thus, the testimony does not rebut any aspect of appellant's testimony.

Nonetheless, we find no reversible error in the admission of this testimony. While this evidence is irrelevant, it is not prejudicial to appellant. It merely shows that appellant was mistaken in who he believed owned the property. The admission of this evidence could not have contributed to the jury's finding of guilt. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Crim.App.1980). The error was harmless. All of appellant's grounds of error are overruled.

The judgment of the trial court is AFFIRMED.