NUMBER 13-03-718-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

SOILO ESQUIVEL URIAS,                                          Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 377th
District Court

                           of Victoria
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                Before Justices Rodriguez, Castillo,
and Garza

                  Memorandum Opinion by Justice Castillo

 








The indictment[2]
charged appellant Soilo Esquivel Urias with aggravated sexual assault of a
child, enhanced.[3]  A jury returned a guilty verdict.  The trial court  assessed punishment at life in the Texas
Department of Criminal JusticeBInstitutional
Division.  By one issue, Urias asserts
that the evidence is legally insufficient to prove (1) penetration and (2)
penetration by his sexual organ.  We
affirm.

I.  RELEVANT FACTS








The child, C.C., was born on March 13, 1990.  On January 24, 2003, she lived with her
mother, two brothers and a sister.  At
the time, Urias was her mother's boyfriend. 
C.C. testified she had known Urias for "five years, off and
on."  The molestation began with
Urias entering C.C.'s bedroom at night through a window and touching her.  Between December 2002 and January 24, 2003,
Urias would call her into her mother's room, usually after she returned home
from school.[4]  Thirteen years old at the time of trial, C.C.
described for the jury sexual contact[5]
and multiple acts[6]
of sexual conduct[7]
by Urias.  Outcry witnesses testified to
the complaints C.C. made.  C.C. hid three
towels Urias gave her to wipe herself after the sexual contacts.  She testified she kept them, "Because I
wanted it for evidence, just in case I ever had the guts to tell somebody
else."  During Urias' defense,
C.C.'s mother testified as to inconsistent or contradictory statements made by
the child, including her denial that Urias had ever touched C.C. 

II.  STANDARD
OF REVIEW

A.  Legal
Sufficiency








A legal‑sufficiency challenge requires us to
review the relevant evidence in the light most favorable to the verdict, and
then to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Escamilla v. State, 143 S.W.3d 814,
817 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443 U.S. 307,
319 (1979)); see also Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim.
App. 2003) (en banc); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000) (en banc).  This standard is
designed to give "full play to the [jury's] responsibility fairly" to
"draw reasonable inferences from basic facts to ultimate facts."  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  We consider all
the evidence that sustains the conviction, whether properly or improperly
admitted.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State, 919
S.W.2d 370, 378 (Tex. Crim. App. 1994) (en banc)).  Similarly, we consider all the evidence that
sustains the conviction, whether submitted by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc); Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc).  In
this review, we are not to reevaluate the weight and credibility of the
evidence; rather, we act only to ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). 

The legal sufficiency of the evidence is measured
against the elements of the offense as defined by a hypothetically correct jury
charge for the case.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99,
105 (Tex. App.BCorpus Christi 1999, pet. ref'd).[8]  This standard of legal sufficiency ensures
that judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime, rather than a mere error
in the jury charge submitted.  Malik,
953 S.W.2d at 240.  We then determine if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson,
443 U.S. at 319; Johnson, 23 S.W.3d at 7.       

B.  The
Elements of Aggravated Sexual Assault of a Child 








Thus, the hypothetically correct jury charge against
which we measure legal sufficiency of the evidence would ask the jury if Urias
(1) on or about the alleged dates, (2) intentionally or knowingly, (3) caused
penetration of the anus of C.C., (4)  who
was then a child under 14 years old and not married to him, (5) by his sexual
organ.  See Act of May 15, 2001,
77th Leg., R.S., ch. 459, ' 5, 2001 Tex. Gen. Laws 893, 898 (amended 2003)
(current version at Tex. Pen. Code Ann.
' 22.021(a)(1)(B)(i) (Vernon Supp. 2004‑05)). 

C.  Testimony
of a Child in Sexual Conduct Cases

The testimony of a child sexual abuse victim alone
is sufficient to support a conviction for aggravated sexual assault.  Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); see Garcia v. State,
563 S.W.2d 925, 928 (Tex. Crim. App. 1978). 
Courts give wide latitude to testimony given by child victims of sexual
abuse.  See Villalon v. State, 791
S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc).  The victim's description of what happened to
her need not be precise, and she is not expected to express herself at the same
level of sophistication as an adult.  See
id.  There is no requirement
that the victim's testimony be corroborated by medical or physical
evidence.  Garcia, 563 S.W.2d at
928; Kemple v. State, 725 S.W.2d 483, 485 (Tex. App.BCorpus Christi 1987, no writ).

D. Sufficiency Analysis








C.C. testified unequivocally that Urias penetrated
her anus with his sexual organ when she was under the age of 14, and she was
not married to him.  The child's
description of sexual contact was sufficient evidence from which the jury could
find the essential elements of penetration and penetration by sexual
organ.  Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).  Viewing the evidence in the light most
favorable to the verdict, we conclude that any rational trier of fact could
have found beyond a reasonable doubt the essential elements of penetration and
penetration by sexual organ.  See
Jackson, 443 U.S. at 319; see also Johnson, 23 S.W.3d at 7.  The evidence is legally sufficient to sustain
the conviction.

III.  CONCLUSION

We overrule the sole
issue presented.  We affirm the trial court
judgment.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 30th day of June, 2005.

 











[1] See Tex. R. App. P. 47.2 & 47.4. 





[2] The indictment alleged that, on or
about January 24, 2003, Urias did intentionally and knowingly cause the
penetration of the anus of C.C., a child younger than fourteen years and not
his spouse, by his sexual organ.  





[3] See Act of May 15, 2001, 77th Leg.,
R.S., ch. 459 ' 5, 2001 Tex. Gen. Laws 893, 898
(amended 2003) (current version at Tex.
Pen. Code Ann. _ 22.021(a)(1)(B)(i) (Vernon
2004-05)).  A person commits aggravated
sexual assault if he intentionally or knowingly causes the penetraton of the
anus of a child by any means.  Id.





[4] C.C.'s brother testified that,
during the relevant time, Urias called C.C. into their mother's room about
"seven times," and C.C. would be "shaking and shivering"
and "scared."  C.C. told her
brother "many times" that she had to strip for Urias and "had to
act like a mistress."





[5] "'Sexual contact' means any
touching of the anus, breast, or any part of the genitals of another person
with intent to arouse or gratify the sexual desire of any person."  Tex.
Pen. Code Ann. ' 43.01 (Vernon 2003). 






[6] C.C. testified Urias assaulted her
about "seventeen times" in the one-month period before the outcry
that led to Urias' arrest.  





[7] C.C.'s testimony included
descriptions of multiple incidences of contact between her anus and mouth and
Urias' sexual organ.  See Act of
May 15, 2001, 77th Leg., R.S., ch. 459 ' 5, 2001 Tex. Gen. Laws 893, 898 (amended 2003) (current
version at Tex. Pen. Code
Ann. ' 22.021(a)(1)(B)(iii), (iv) (Vernon
Supp. 2004-05)).





[8] A hypothetically correct jury
charge does not simply quote from the controlling statute.  Gollihar v. State, 46 S.W.3d 243, 254
(Tex. Crim. App. 2001).  Its scope is
limited by the statutory elements of the offense as modified by the charging
instrument.  See Fuller v. State,
73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, P.J., concurring) (quoting Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).  Malik flatly rejects use of the jury
charge actually given as a means of measuring sufficiency of the evidence.  See Gollihar, 46 S.W.3d at 252.  Malik controls sufficiency of the
evidence analysis even in the absence of alleged jury charge error.  Id. at 255.