NO. 07-03-0497-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 25, 2005

_____

BARRY GLENN MCDONALD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,500-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Barry Glenn McDonald was convicted by a jury of two counts of aggravated sexual assault of a child, one count of attempted aggravated sexual assault of a child, and two counts of indecency with a child as follows:

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Count I: on or about September 1, 1999, intentionally and knowingly causing digital penetration of the female sexual organ of K.L.C., a child younger than 14 years who was not his spouse;

Count II: on or about March 28, 2000, intentionally and knowingly causing digital penetration of the female sexual organ of K.L.C., a child younger than 14 years who was not his spouse;

Count III: on or about January 15, 2000, intentionally and knowingly attempting to cause penetration of the female sexual organ of K.L.C., a child younger than 14 years who was not his spouse, by his sexual organ;

Count IV: on or about February 15, 2000, intentionally and knowingly engaging in sexual contact with K.L.C., a child younger than 17 years who was not his spouse, by touching her breast with intent to arouse and gratify his sexual desire; and

Count V: on or about March 15, 2000, intentionally and knowingly engaging in sexual contact with K.L.C., a child younger than 17 years who was not his spouse, by touching her genitals with intent to arouse and gratify his sexual desire.

Punishment was assessed by the trial court at 60 years confinement and a $3,500 fine on counts one and two; 20 years confinement and a $1,000 fine on count three; and 15 years confinement and $1,000 fine on counts four and five. Presenting two issues, appellant contends the evidence is (1) legally and (2) factually insufficient to support his conviction. We affirm.

When K.L.C., the victim, was approximately ten years old, she and her brother moved in with her Aunt Anita McDonald, who was married to appellant. Between them, Anita and appellant had five other children under the age of 14. K.L.C. came from an unstable background and was described as a disturbed girl. She was depressed and had attempted suicide several times. Her biological mother's rights had been terminated.

2

During the few years she lived with the McDonalds, K.L.C. alleged she was sexually abused by appellant. On March 29, 2000, following an allegation of misconduct on the prior night, appellant was removed from the home pending an investigation. Eventually, he was charged in a five count indictment of aggravated sexual abuse, attempted aggravated sexual abuse, and indecency with a child. A jury found him guilty on all counts.

Appellant contends the evidence is legally and factually insufficient to support his conviction. We disagree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). In conducting a legal sufficiency review, we examine the verdict, after viewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). In measuring the legal sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by

more than a "mere modicum" of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review.  *Clewis*, 922 S.W.2d at 133.  As an appellate court, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000).  We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004).  It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination.  *Johnson*, 23 S.W.3d at 8.

Before determining whether the evidence is sufficient to support appellant's conviction, we must review the essential elements the State was required to prove. Appellant was charged with two counts of aggravated sexual assault requiring the State to prove he penetrated K.L.C.'s sexual organ by any means while she was under age 14 and not his spouse. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) & 2(B) (Vernon 2003).  A third allegation of attempted sexual assault required proof that appellant, with specific intent to commit sexual assault, committed an act amounting to more than mere preparation that

4

tended but failed to effect the commission of a sexual assault. §§ 15.01(a) & 22.021. By counts four and five, appellant was charged with indecency of a child requiring proof that he engaged in sexual contact with K.L.C., a child under 17 years of age, by touching her breast and genital area with intent to arouse or gratify his sexual desire. § 21.11(a).

The testimony of a child victim alone is sufficient to support a conviction for sexual assault. *See* Tear v. State, 74 S.W.3d 555, 560 (Tex.App.–Dallas 2002, pet. ref'd). *See also* Tex. Code Crim. Proc. Ann. art. 38.07(a) & (b) (Vernon 2005). There is no requirement that the victim's testimony of penetration be corroborated by medical evidence or other physical evidence. Kemple v. State, 725 S.W.2d 483, 485 (Tex.App.–Corpus Christi 1987, no pet.). The requisite intent to arouse or gratify a person's sexual desire can be inferred from the person's conduct, remarks, or surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex.Cr.App. 1981).

By his legal sufficiency challenge, appellant asserts the State failed to present direct evidence of the particular dates of the charged offenses. He concedes, however, that the second count of aggravated sexual assault alleged to have occurred on March 28, 2000, the date before he was removed, occurred on or before the date alleged in the indictment, but then argues a lack of evidence about the details of that offense.[2]

---

[2]Except for particular dates, appellant does not challenge the sufficiency of the evidence to support Counts I, III, IV, and V of the indictment.

First, we address appellant's argument that the State failed to prove the dates of the sexual misconduct. When an indictment alleges that a crime occurred "on or about" a particular date, the State can rely upon an offense with a date other than the one specifically alleged so long as the date is anterior to the presentment of the indictment and within the statutory limitations period and the offense relied upon otherwise meets the description of the charged offense. Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex.Cr.App. 1997) (en banc), citing Sledge v. State, 953 S.W.2d 253, 255-56 (Tex.Cr.App. 1997) (en banc).

Appellant was removed from the home on March 29, 2000, and the State proved the offenses occurred prior to that date. The indictment was presented on September 17, 2003, and all offenses were charged within the statutory limitations period. *See* Tex. Code Crim. Proc. Ann. arts. 12.01 & 12.03 (Vernon 2005).

We next address appellant's argument of legally insufficient evidence to support the second count of aggravated sexual assault by digital penetration. K.L.C. testified that appellant penetrated her vagina with his fingers "a lot" during her stay in the McDonald home. She recalled the last instance of abuse occurred on March 28, 2000, the night before appellant was removed from the home. K.L.C.'s testimony standing alone and measured against the elements of the offense as defined by a hypothetically correct jury charge, is legally sufficient to support appellant's conviction. Issue one is overruled.

6

We now determine whether the evidence is factually sufficient to support appellant's conviction.[3] *See* Goodman v. State, 66 S.W.3d 283, 285-87 (Tex.Cr.App. 2001). In addition to K.L.C.'s testimony that appellant penetrated her vagina with his fingers "a lot," counselor Leta Acker testified K.L.C. reported to her that appellant had inserted his fingers into her vagina. K.L.C. also recounted one occasion when appellant tried to have intercourse with her. She was wearing a nightgown laying on the couch and he was on top of her, but she pushed him away. She told Acker that appellant had attempted to penetrate her vagina with his penis, but was unsuccessful. According to K.L.C., appellant also touched her genital area, "boobs," and "butt" the entire time she lived in the McDonald home.

K.L.C. further testified about participating in two sexually explicit role playing games with appellant, his friend Chuck Snow, and some of the other children. The games were from books entitled *Vampires of the Masquerade* and *Werewolf Player's Guide*. They involved raping and killing, although those particular acts were not played out. A book about sexual intercourse referred to as the book of jam, was also used in the games. Appellant or Chuck would act as game master and the children were assigned roles. K.L.C.'s character, which she selected from one of the books, was a nude woman depicted in a sexually explicit pose.

---

[3]In his factual sufficiency complaint, appellant references evidence presented by the State of extraneous conduct that prejudiced the jury. However, appellant does not present an issue alleging abuse by the trial court in admission of extraneous conduct. *See* Tex. R. App. P. 38.1(e) & (h).

Acker testified that K.L.C. confided in her that during the games, appellant would pretend to be "jamming" her while banging her head up and down on a table. She also testified that K.L.C. told her appellant touched her breasts and nipples with his thumbs in a circular motion, in addition to digital penetration of her vagina.

Robert, Anita's son, testified similarly to the role playing games. He further testified he had observed K.L.C. and appellant laying on the couch under a blanket and had once seen them together in the master bedroom, arousing his suspicion about the nature of their relationship. When confronted about the suspicions, appellant reacted by pinning Robert against the refrigerator and choking him.

Appellant testified in his defense and denied any inappropriate conduct with K.L.C. According to the defense, K.L.C. was a troubled and disturbed girl who fabricated the abuse allegations. Appellant claimed that when K.L.C. first came into his life she was disheveled, unkempt, dirty, and a poor student, but had flourished while living with him. He did admit his participation with K.L.C. and the children in the vampire and werewolf games and also acknowledged that the book of jam was about sexual intercourse. He did not believe the games to be inappropriate.

Both sides presented medical evidence in support of their respective views. The State presented evidence from Michele Gorday, a sexual assault nurse who examined K.L.C. on June 30, 2000. According to the results of the exam, K.L.C. had a three centimeter anterior adhesion on her labial minora, which was uncommon in a 12 year old

girl and could have been caused by external force. No other signs of sexual trauma were detected.

Doctor Robert J. Phillips and a pediatric nurse practitioner testified for the defense. Doctor Phillips reviewed the results of K.L.C.'s exam and concluded the labial adhesion was not consistent with sexual trauma and offered other explanations. The nurse, who had examined K.L.C. during a well child visit on March 15, 2000, testified she did not notice a labial adhesion, but admitted she might have missed it.

Evidence is not rendered insufficient when conflicting evidence is presented. Matchett v. State, 941 S.W.2d 922, 936 (Tex.Cr.App. 1996) (en banc). K.L.C.'s testimony alone is sufficient to support appellant's conviction for sexual assault. The jury could infer appellant's intent to gratify his sexual desire from his conduct in attacking Robert when confronted, the sexually explicit role playing games, and the surrounding circumstances. We conclude, after a neutral review of all the evidence, the jury was rationally justified in finding appellant guilty on all counts beyond a reasonable doubt. Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

9