MEZA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-364-CR

TRINIDAD AUSTIN MEZA II APPELLANT

A/K/A TRINIDAD A. MEZA

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Trinidad Austin Meza II appeals his conviction for aggravated sexual assault of a child.  After hearing the evidence, the trial court found him guilty and sentenced him to fifteen years’ confinement.  In two points, Meza contends that the evidence is legally and factually insufficient to support his conviction.  We affirm.

II. Background Facts

In March of 2001, six-year-old D.R. approached his stepfather, Meza’s biological father, and informed him that Meza had “told him to put his mouth on his private parts.”  D.R.’s stepfather immediately informed the boy’s mother, but the couple decided not to contact the authorities.  In September of 2003, D.R.’s mother and stepfather began marriage counseling.  During one of the counseling sessions, D.R.’s mother repeated what D.R. had said to his stepfather in March of 2001.  The counselor informed the couple that they would have to report the incident to the authorities.  Consequently, the couple took D.R. to CPS. 

III
. 
Sufficiency of the Evidence

In two points, Meza attacks the legal and factual sufficiency of the evidence to sustain Meza’s conviction for the offense of aggravated sexual assault of a child under fourteen years of age.  
Meza contends that the evidence is legally and factually insufficient to support the trial court’s verdict because nine-year-old D.R.’s testimony “is simply not believable.”  
The State contends that it established each element of the offense of aggravated sexual assault.

A. Legal Sufficiency
 
Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon
 
1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the judgment.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

B. Factual Sufficiency
 
Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

C. Testimony of a Child in Sexual Conduct Cases

The testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault.  
Tex. Code Crim. Proc. Ann. 
art. 38.07 (Vernon 2005); 
see Garcia v. State
, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).  Courts give wide latitude to testimony given by a child victim of sexual abuse.  
See Villalon v. State
, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)
.  The victim’s description of what happened to him need not be precise, and he is not expected to express himself at that same level of sophistication as an adult.  
See id
.  There is no requirement that the victim’s testimony be corroborated by medical or physical evidence.  
Garcia
, 563 S.W.2d at 928; 
Kemple v. State
, 725 S.W.2d 483, 485 (Tex. App.—Corpus Christi 1987, no pet.).

D. Discussion

Texas Penal Code section 22.021(1)(B)(ii) states that a person commits the offense of aggravated sexual assault when an actor intentionally or knowingly causes the penetration of the mouth of a child by the sexual organ of the actor.  
Tex. Penal Code Ann. § 22.021(1)(B)(
ii) (Vernon Supp. 2004-05).   Here, D.R. testified that when he 
was four years old and watching cartoons one afternoon in the living room, Meza picked him up off the floor and carried him to the apartment upstairs where he resided.  Meza then closed the door and placed him on a mattress on the floor that served as his bed.  As D.R. sat on his knees on the bed, Meza stood before him, unzipped his fly, and exposed his penis.  He pulled D.R. closer and ordered him to “suck his private.”  D.R. reported that as he sucked, “pee” came out into his mouth, causing him to “puke” from the “nasty” taste. 

Meza then drew a bath, removed D.R.’s clothes and ordered the child to get into the bathtub.  D.R. recalled that the hot water in the bathtub “made [him] bleed” from his “arms and legs” and that the blood drained out of the bathtub when the bath was over.  He stated that he did not suffer from any cuts, blisters, or wounds.  He also testified that he repeatedly attempted to leave the bedroom, only to have Meza grab him and throw him back onto the bed.  D.R. said that Meza threatened to kill him if he told anyone about what had occurred. 

D.R.’s stepfather testified as an outcry witness.  He testified that when D.R. was six years old, D.R. told him that Meza had ordered him to “put his mouth on his [Meza’s] private parts.”  Additionally, D.R.’s mother testified that D.R. had a very good memory. 

Meza states that the “child’s testimony is simply not believable.”  His challenge to the factual sufficiency of the evidence is nothing more than an attack on the credibility determination made by the jury.  Here, we do not resolve any conflict of fact or assign credibility to the witness, as it was the function of the trier of fact to do so.  
See Adelman v. State
, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); 
Matson v. State
, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  

Viewing the evidence in the light most favorable to the verdict, we hold that a rationale trier of fact could have found that Meza committed the offense of aggravated sexual assault.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  Furthermore, viewing all the evidence in a neutral light , favoring neither party, we also conclude that the evidence supporting the verdict, taken alone, is not too weak to support the finding of guilt beyond a reasonable doubt and that the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
Dotson v. State
, 146 S.W.3d 285, 295 (Tex. App.—Fort Worth 2004, pet. ref’d).  After reviewing the entire record, we conclude that the evidence is legally and factually sufficient to support Meza’s conviction.  We overrule Meza’s first and second points.

IV. Conclusion

Having overruled both of Meza’s points, we affirm the judgment of the trial court.

PER CURIAM

PANEL F: MCCOY, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 6, 2005

FOOTNOTES
1:
See
 
Tex. R. App. 47.4
.