COURT
OF APPEALS

                  SECOND
DISTRICT OF TEXAS

                           FORT
WORTH

 

 

                                        NO.
2-04-364-CR

 

 

TRINIDAD AUSTIN MEZA II                                                   APPELLANT

A/K/A
TRINIDAD A. MEZA

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








Appellant Trinidad Austin
Meza II appeals his conviction for aggravated sexual assault of a child.  After hearing the evidence, the trial court
found him guilty and sentenced him to fifteen years= confinement.  In two points,
Meza contends that the evidence is legally and factually insufficient to
support his conviction.  We affirm.

II. Background Facts

In March of 2001,
six-year-old D.R. approached his stepfather, Meza=s biological father, and informed him that Meza had Atold him to put his mouth on his private parts.@  D.R.=s stepfather immediately informed the boy=s mother, but the couple decided not to contact the authorities.  In September of 2003, D.R.=s mother and stepfather began marriage counseling.  During one of the counseling sessions, D.R.=s mother repeated what D.R. had said to his stepfather in March of
2001.  The counselor informed the couple
that they would have to report the incident to the authorities.  Consequently, the couple took D.R. to CPS. 

III. Sufficiency of the Evidence

In two points, Meza attacks
the legal and factual sufficiency of the evidence to sustain Meza=s conviction for the offense of aggravated sexual assault of a child
under fourteen years of age.  Meza
contends that the evidence is legally and factually insufficient to support the
trial court=s verdict
because nine-year-old D.R.=s testimony Ais simply
not believable.@  The State contends that it established each
element of the offense of aggravated sexual assault.








A. Legal Sufficiency Standard of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the judgment in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The trier
of fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the judgment.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

 








B. Factual Sufficiency Standard of Review








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment, weighing all of the evidence, the contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 
 In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

C. Testimony of a Child in
Sexual Conduct Cases

The testimony of a child
sexual abuse victim alone is sufficient to support a conviction for aggravated
sexual assault.  Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); see
Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).  Courts give wide latitude to testimony given
by a child victim of sexual abuse.  See
Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).  The victim=s description of what happened to him need not be precise, and he is
not expected to express himself at that same level of sophistication as an
adult.  See id.  There is no requirement that the victim=s testimony be corroborated by medical or physical evidence.  Garcia, 563 S.W.2d at 928; Kemple
v. State, 725 S.W.2d 483, 485 (Tex. App.CCorpus Christi 1987, no pet.).

 








D. Discussion

Texas Penal Code section
22.021(1)(B)(ii) states that a person commits the offense of aggravated sexual
assault when an actor intentionally or knowingly causes the penetration of the
mouth of a child by the sexual organ of the actor.  Tex.
Penal Code Ann. ' 22.021(1)(B)(ii)
(Vernon Supp. 2004-05).      Here, D.R. testified that when he was four
years old and watching cartoons one afternoon in the living room, Meza picked
him up off the floor and carried him to the apartment upstairs where he
resided.  Meza then closed the door and
placed him on a mattress on the floor that served as his bed.  As D.R. sat on his knees on the bed, Meza
stood before him, unzipped his fly, and exposed his penis.  He pulled D.R. closer and ordered him to Asuck his private.@  D.R. reported that as he
sucked, Apee@ came out
into his mouth, causing him to Apuke@ from the Anasty@ taste. 








Meza then drew a bath,
removed D.R.=s clothes
and ordered the child to get into the bathtub. 
D.R. recalled that the hot water in the bathtub Amade [him] bleed@ from his Aarms and legs@ and that
the blood drained out of the bathtub when the bath was over.  He stated that he did not suffer from any
cuts, blisters, or wounds.  He also
testified that he repeatedly attempted to leave the bedroom, only to have Meza
grab him and throw him back onto the bed. 
D.R. said that Meza threatened to kill him if he told anyone about what
had occurred. 

D.R.=s stepfather testified as an outcry witness.  He testified that when D.R. was six years
old, D.R. told him that Meza had ordered him to Aput his mouth on his [Meza=s] private parts.@  Additionally, D.R.=s mother testified that D.R. had a very good memory. 

Meza states that the Achild=s testimony
is simply not believable.@  His challenge to the factual sufficiency of
the evidence is nothing more than an attack on the credibility determination
made by the jury.  Here, we do not
resolve any conflict of fact or assign credibility to the witness, as it was
the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  








Viewing the evidence in the
light most favorable to the verdict, we hold that a rationale trier of fact
could have found that Meza committed the offense of aggravated sexual
assault.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789.  Furthermore,
viewing all the evidence in a neutral light , favoring neither party, we also
conclude that the evidence supporting the verdict, taken alone, is not too weak
to support the finding of guilt beyond a reasonable doubt and that the contrary
evidence is not so strong that guilt cannot be proven beyond a reasonable
doubt.  Dotson v. State, 146
S.W.3d 285, 295 (Tex. App.CFort Worth 2004, pet. ref=d).  After reviewing the entire
record, we conclude that the evidence is legally and factually sufficient to
support Meza=s
conviction.  We overrule Meza=s first and second points.

IV. Conclusion

Having overruled both of Meza=s points, we affirm the judgment of the trial court.

 

 

PER CURIAM

 

PANEL F:    MCCOY, J; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 6, 2005











[1]See Tex. R. App. 47.4.