COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-224-CR

 

 

CHIOKE HASANE MANNIE                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted appellant Chioke Hasane Mannie
of aggravated sexual assault of a child and indecency with a child and assessed
his punishment at twenty-five years=
confinement and eight years=
confinement, respectively.  The trial
court sentenced appellant accordingly, ordering the sentences to run
concurrently.  Appellant brings two
issues on appeal.  We affirm.








In his first issue, appellant claims the evidence
is legally and factually insufficient to support his conviction for aggravated
sexual assault.

In reviewing legal sufficiency, we consider all
the evidence in the light most favorable to the verdict and determine whether
any rational juror, based on the evidence and reasonable inferences supported
by the evidence, could have found the essential elements of the crime beyond a
reasonable doubt.[2]

When reviewing factual sufficiency, we view all
the evidence in a neutral light.[3]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.[4]








The testimony of a child sexual assault victim,
standing alone, is sufficient to support a conviction for aggravated sexual
assault.[5]  Courts give wide latitude to testimony given
by a child victim of sexual abuse.[6]  The victim=s
description of what happened to her need not be precise, and she is not
expected to testify at the same level of sophistication as an adult.[7]  The victim=s
testimony is not required to be validated by medical or physical evidence.[8]

Appellant contends the evidence is legally and
factually insufficient to support his conviction for aggravated sexual assault
because there was no evidence to show that he penetrated R.H.=s sexual
organ.  However, neither the indictment
nor the court=s charge alleged penetration;
the issue in this case was whether the evidence showed that appellant
intentionally or knowingly caused R.H.=s sexual
organ to contact his sexual organ.








The record shows that R.H. was fourteen years old
when she testified at appellant=s
trial.  She testified that, when she was
twelve, appellant grabbed her arm, took her upstairs to his apartment, put her
on a bed, pulled her shorts and panties down, and penetrated her with his
penis.  She stated that she had Ano doubt@ that
appellant=s sexual organ penetrated or
contacted her sexual organ.  A sexual
assault nurse examiner, having examined R.H., testified that R.H. told her she
had been raped and that her assailant had Aput his
penis in my vagina.@ 
Further, appellant=s semen was found in the crotch
of R.H.=s
panties.  We hold that the evidence was
sufficient to support the jury=s
verdict that appellant committed aggravated sexual assault by causing R.H.=s sexual
organ to contact his sexual organ.[9]

In support of his claim that the evidence is
factually insufficient, appellant points to testimony that there were no
physical signs of assault, that vaginal swabs showed no evidence of spermatozoa
or other profile, that a sample collected from R.H.=s breast
did not reveal sufficient data to conclude whether it contained appellant=s DNA,
that R.H. did not display reactions that would be expected of a victim of
sexual assault, and that she gave different versions to different witnesses of
how the assault occurred. 








We defer to the jurors=
resolution of credibility issues and conflicts in the testimony.  Considering all the evidence in a neutral
light, we hold that the jury=s
resolution of the facts in this case is not clearly wrong and manifestly unjust,
nor is the evidence supporting the verdict so weak or so outweighed by
conflicting evidence that the jury=s
determination is manifestly unjust.[10]


Because we hold that the evidence is legally and
factually sufficient to support appellant=s
conviction for aggravated sexual assault, we overrule his first issue.

In his second issue, appellant asserts that the
trial court erred by Anot providing an alternate juror
at jury selection@ and by not replacing the
excused juror.

After the jury was sworn but before testimony
began, one of the jurors suffered a heart attack.  Appellant agreed that the juror was disabled,
and the trial court, acting under authority of code of criminal procedure
article 36.29(a), dismissed the disabled juror and proceeded to trial with the
remaining eleven.[11]








There is nothing in the record to show that
appellant objected to the trial court=s
failure to appoint alternate jurors either during the trial selection process
or when the jury panel was seated. 
Accordingly, appellant=s claim
that the trial court erred by not providing an alternate juror, therefore, is
forfeited by his failure to raise an objection.[12]

As to his claim that the trial court erred by not
replacing the excused juror, appellant concedes that there is no authority
supporting his position but he asserts that proceeding with only eleven jurors
violated Ahis right to be tried by twelve
jurors as guaranteed by the Texas [c]onstitution.@  The Texas constitution, however, explicitly
provides that a trial can proceed with as few as nine jurors if a juror is
dismissed because of a disability.[13]

In this case, after appellant agreed that the
juror had become disabled, the trial judge dismissed the disabled juror and
proceeded to trial with the remaining eleven.[14]  Because the state constitution provides that
trial may proceed with as few as nine jurors when up to three become disabled,
there is no constitutional violation, and we overrule appellant=s second
issue.








Having overruled both of appellant=s
issues, we affirm the trial court=s
judgment. 

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and
MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 23, 2009   











[1]See Tex. R. App. P. 47.4.





[2]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007); Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App.
2001).





[3]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).





[4]Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414-15, 417.





[5]Tex. Code Crim. Proc.
Ann. art. 38.07 (Vernon 2005); see Garcia v. State, 563 S.W.2d 925, 928
(Tex. Crim. App. [Panel Op.] 1978).





[6]See Villalon v. State, 791 S.W.2d 130, 134
(Tex. Crim. App. 1990).





[7]See id.





[8]Garcia, 563 S.W.2d at 928; Kemple
v. State, 725 S.W.2d 483, 485 (Tex. App.CCorpus Christi 1987, no pet.).





[9]See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778; Garcia, 563 S.W.2d at
928.





[10]Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.





[11]See Tex. Code Crim. Proc.
Ann. art. 36.29(a) (Vernon Supp. 2008).





[12]See Tex. R. App. P.
33.1.  Moreover, even if appellant had
preserved his claim, under article 33.011(a) of the code of criminal procedure,
providing alternate jurors is discretionary with the trial court.  See Tex. Code Crim. Proc. Ann. art.
33.011(a) (Vernon Supp. 2008) (Ajudge may direct that not more than four
jurors in addition to the regular jury be called and impaneled to sit as
alternate jurors@) (emphasis added).





[13]See Tex. Const. art. V, ' 13.





[14]See Tex. Code Crim. Proc.
Ann. art. 36.29(a) (Vernon Supp. 2008).