

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-224-CR

CHIOKE HASANE MANNIE                                      APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

### FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

A jury convicted appellant Chioke Hasane Mannie of aggravated sexual assault of a child and indecency with a child and assessed his punishment at twenty-five years' confinement and eight years' confinement, respectively. The trial court sentenced appellant accordingly, ordering the sentences to run concurrently.  Appellant brings two issues on appeal.  We affirm.

------------

[1] *See* Tex. R. App. P. 47.4.

In his first issue, appellant claims the evidence is legally and factually insufficient to support his conviction for aggravated sexual assault.

In reviewing legal sufficiency, we consider all the evidence in the light most favorable to the verdict and determine whether any rational juror, based on the evidence and reasonable inferences supported by the evidence, could have found the essential elements of the crime beyond a reasonable doubt.[2]

When reviewing factual sufficiency, we view all the evidence in a neutral light.[3] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust.[4]

---

[2] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).

[3] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

[4] *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414-15, 417.

The testimony of a child sexual assault victim, standing alone, is sufficient to support a conviction for aggravated sexual assault.[5] Courts give wide latitude to testimony given by a child victim of sexual abuse.[6] The victim's description of what happened to her need not be precise, and she is not expected to testify at the same level of sophistication as an adult.[7] The victim's testimony is not required to be validated by medical or physical evidence.[8]

Appellant contends the evidence is legally and factually insufficient to support his conviction for aggravated sexual assault because there was no evidence to show that he penetrated R.H.'s sexual organ. However, neither the indictment nor the court's charge alleged penetration; the issue in this case was whether the evidence showed that appellant intentionally or knowingly caused R.H.'s sexual organ to contact his sexual organ.

The record shows that R.H. was fourteen years old when she testified at appellant's trial. She testified that, when she was twelve, appellant grabbed

---

[5] Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); *see Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978).

[6] *See Villalon v. State,* 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

[7] *See id.*

[8] *Garcia,* 563 S.W.2d at 928; *Kemple v. State,* 725 S.W.2d 483, 485 (Tex. App.—Corpus Christi 1987, no pet.).

3

her arm, took her upstairs to his apartment, put her on a bed, pulled her shorts and panties down, and penetrated her with his penis. She stated that she had "no doubt" that appellant's sexual organ penetrated or contacted her sexual organ. A sexual assault nurse examiner, having examined R.H., testified that R.H. told her she had been raped and that her assailant had "put his penis in my vagina." Further, appellant's semen was found in the crotch of R.H.'s panties. We hold that the evidence was sufficient to support the jury's verdict that appellant committed aggravated sexual assault by causing R.H.'s sexual organ to contact his sexual organ.[9]

In support of his claim that the evidence is factually insufficient, appellant points to testimony that there were no physical signs of assault, that vaginal swabs showed no evidence of spermatozoa or other profile, that a sample collected from R.H.'s breast did not reveal sufficient data to conclude whether it contained appellant's DNA, that R.H. did not display reactions that would be expected of a victim of sexual assault, and that she gave different versions to different witnesses of how the assault occurred.

We defer to the jurors' resolution of credibility issues and conflicts in the testimony. Considering all the evidence in a neutral light, we hold that the

---

[9] *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778; *Garcia*, 563 S.W.2d at 928.

4

jury's resolution of the facts in this case is not clearly wrong and manifestly unjust, nor is the evidence supporting the verdict so weak or so outweighed by conflicting evidence that the jury's determination is manifestly unjust.[10]

Because we hold that the evidence is legally and factually sufficient to support appellant's conviction for aggravated sexual assault, we overrule his first issue.

In his second issue, appellant asserts that the trial court erred by "not providing an alternate juror at jury selection" and by not replacing the excused juror.

After the jury was sworn but before testimony began, one of the jurors suffered a heart attack. Appellant agreed that the juror was disabled, and the trial court, acting under authority of code of criminal procedure article 36.29(a), dismissed the disabled juror and proceeded to trial with the remaining eleven.[11]

There is nothing in the record to show that appellant objected to the trial court's failure to appoint alternate jurors either during the trial selection process or when the jury panel was seated. Accordingly, appellant's claim that the trial

---

[10] *Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417.

[11] *See* Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2008).

court erred by not providing an alternate juror, therefore, is forfeited by his failure to raise an objection.[12]

As to his claim that the trial court erred by not replacing the excused juror, appellant concedes that there is no authority supporting his position but he asserts that proceeding with only eleven jurors violated "his right to be tried by twelve jurors as guaranteed by the Texas [c]onstitution." The Texas constitution, however, explicitly provides that a trial can proceed with as few as nine jurors if a juror is dismissed because of a disability.[13]

In this case, after appellant agreed that the juror had become disabled, the trial judge dismissed the disabled juror and proceeded to trial with the remaining eleven.[14] Because the state constitution provides that trial may proceed with as few as nine jurors when up to three become disabled, there is no constitutional violation, and we overrule appellant's second issue.

---

[12] *See* Tex. R. App. P. 33.1. Moreover, even if appellant had preserved his claim, under article 33.011(a) of the code of criminal procedure, providing alternate jurors is discretionary with the trial court. *See* Tex. Code Crim. Proc. Ann. art. 33.011(a) (Vernon Supp. 2008) ("judge *may* direct that not more than four jurors in addition to the regular jury be called and impaneled to sit as alternate jurors") (emphasis added).

[13] *See* Tex. Const. art. V, § 13.

[14] *See* Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2008).

Having overruled both of appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 23, 2009